Larcena Kohler, Appellant, v. Amalgamated Association of Street and Electric Railway Employees of America, Appellee.

## Gen. No. 5556.

1. FRATERNAL BENEFIT SOCIETIES—*how by-laws construed.* The laws and rules of a fraternal benefit society are to be construed liberally in favor of the beneficiary so as not to defeat the object and purpose of the insurance or indemnity.

2. FRATERNAL BENEFIT SOCIETIES—*when rights to insurance benefits established.* Held, under the terms of the contract in question in this case, that the deceased at the time of his death was a member in good standing and that fraternal benefits were due from the society.

Action commenced before justice of the peace. Appeal from the County Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 13, 1912.

WOLFENBARGER & MAY, for appellant.

MANSFIELD, COWAN & BOULWARE, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Appellant sued appellee before a justice of the peace of Peoria county to recover a funeral benefit on an insurance certificate. On an appeal to the County Court of said county appellant recovered a judgment.

A new trial was granted. On the second trial appellee obtained a judgment for costs, from which this appeal is prosecuted.

September 26, 1908, Leonard Kohler, appellant's husband, became a member of the Amalgamated Association of Street and Electric Railway Employes of America, and received a certificate of membership. The certificate and the by-laws of the association constituted the contract. Sec. 80 of the by-laws provided that after membership for one year a $100 funeral benefit was payable in case of death. Sec. 84 provided that on the death of a beneficial member his wife or legal heirs should be entitled to funeral benefits. Sec. 83 provided that "A member to be in good standing and entitled to death and disability benefits shall not allow himself to become in arrears over one month's dues and assessments." Sec. 93 among other things, provided: "A member to be entitled to death or disability claim must be in good standing and have all dues and assessments paid up to and including the month in which such death or disability occurs, provided it is after the 10th day of the month." Sec. 75 provides: "All dues and assessments are due and payable on or before the 10th day of each month."

Kohler lost his life in a fire October 25, 1909. Appellant claimed the funeral benefit. His dues for October had not been paid. It was the contention of appellee that thereby the funeral benefit was forfeited, in support of which it relied upon Secs. 93 and 75.

It is obvious that the sections of its by-laws defining good standing are in irreconcilable conflict. The trial court adopted the construction most favorable to appellee and instructed the jury that a member to be in good standing, and his wife or heirs entitled to the funeral benefit, must have his dues and assessments paid up to and including the month in which death occurred, providing it occurred after the 10th day of the month, and also modified and gave to the jury an

· 346    APPELLATE COURTS OF ILLINOIS.

Kohler v. A. A. of S. and E. Ry. E. of America, 168 Ill. App. 344.

instruction asked by appellant which made the payment of the dues for October an absolute prerequisite to membership under any and all circumstances after the 10th day of the month.

The laws and rules of appellee are to be construed liberally in favor of appellant so as not to defeat the object and purpose of the insurance or indemnity. Healy v. Mutual Accident Ass'n., 133 Ill. 556. Where it is sought to narrow the range of liability by insurance companies or societies, equivocal expressions are to be interpreted most strongly against the company. Commercial Ins. Co. v. Robinson, 64 Ill. 265; Niagara Fire Ins. Co. v. Scammon, 100 Ill. 644. The language of the policy, particularly in determining whether the liability is limited, is always strictly construed against the insurer. Queen Ins. Co. v. Dearborn Assn., 175 Ill. 115; Switchmen's Union v. Colehouse, 227 Ill. 561. In Forest City Ins. Co. v. Hardesty, 182 Ill. 39, it was held that where the contract of insurance was so framed as to leave room for construction, that construction should be adopted which will not impair the indemnity, and if a clause in a policy is susceptible of two interpretations, courts will adopt the one which is most favorable to the insured, in order to indemnify him for the loss sustained. That case was cited and quoted with approval in Terwilliger v. Masonic Accident Assn., 197 Ill. 9. These rules of construction · are applied to provisions and conditions in policies of insurance, because such policies are prepared by the insurance companies themselves, and the language in which they express their obligations and limit their liabilities is selected by them and not by the insured parties. Commercial Ins. Co. v. Robinson, *supra;* Forest City Ins. Co. v. Hardesty, *supra.* The language and arrangement of the by-laws are the language and arrangement of appellee, and in such cases it was held in Union Mutual Accident Ass'n v. Frohard, 134 Ill. 228, that the interpretation must be most strongly against the insurer.

Adopting the construction of the by-laws most favorable to the insured, Kohler was a member of the association in good standing at the time of his death, notwithstanding that he had not paid the dues and assessments due on October 10, 1909. Proof that he was in good standing made a case for appellant, and she was entitled to judgment for the funeral benefit.

From the view we take of the evidence, we do not deem it necessary to consider the other questions argued by counsel.

For the error of the trial court in adopting the construction of the by-laws most favorable to appellee, and directing the jury accordingly, the judgment is reversed and the cause remanded.

*Reversed and remanded.*