# Laura M. Rexroad, Appellee, v. Grand Lodge Brotherhood of Railroad Trainmen, Appellant.*

1. FRATERNAL BENEFICIARY ASSOCIATIONS—*conflicting evidence of time of premium payment.* A conflict in the evidence for the trial court to decide on the question of whether premiums were timely paid on a fraternal certificate exists on evidence by the beneficiary that she mailed the amount of the premium to the society in time to reach it before the due date and letter from the local treasurer acknowledging receipt, though he claimed to have received the amount after the date due.

2. FRATERNAL BENEFICIARY ASSOCIATIONS—*how rules construed.* The rules and by-laws of a fraternal benefit society will be liberally construed in favor of the certificate holder and any attempted forfeiture by the society will be most strictly construed against it.

3. FRATERNAL BENEFICIARY ASSOCIATIONS—*how attempted forfeitures regarded.* The law regards forfeitures with such disfavor that any attempted forfeiture by a fraternal society of a member's certificate must be established as an affirmative defense by the clearest proof in the beneficiary's action upon the certificate.

4. FRATERNAL BENEFICIARY ASSOCIATIONS—*excuse for failure to prove death.* The beneficiary of a fraternal certificate is not barred from recovery thereon because of failure to make proof of death within the time provided by the society constitution, where officers had due notice of the death, the beneficiary was not furnished with the form specified in the constitution for making proof, and the local treasurer failed to make a report to the general office as required by the constitution.

5. FRATERNAL BENEFICIARY ASSOCIATIONS—*when action on certificate brought in time.* Under a requirement of the fraternal society's constitution that a beneficiary must bring action within six months after final rejection of her claim, her action on the certificate within six months after receipt of a letter from the general secretary rejecting the claim was timely, although action was begun more than six months after the claim had been refused by the local secretary, who did not have final authority.

6. APPEAL AND ERROR—*when assignment of error waived.* An assignment of error not referred to in appellant's argument is taken as waived.

Appeal by defendant from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed March 10, 1924.

* Received from clerk of Appellate Court, August 8, 1927.

WILLIAM P. LAUNTZ, for appellant.

E. L. MAHER and R. W. GRIFFITH, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action in assumpsit was instituted by appellee in the circuit court of Madison county to recover on a certificate of insurance issued by appellant to one Oscar H. Rexroad, husband of appellee, who was killed in an accident on May 25, 1920.

To the declaration, which is in the usual form followed in cases brought for recovery on insurance certificates, appellant filed a plea of the general issue and two special pleas.

The first special plea avers that on account of nonpayment of dues the insured was dropped, and was at no time thereafter reinstated.

The second special plea set out section 64 of appellant's constitution, being as follows: "All right of action upon beneficiary certificate shall be absolutely barred unless proofs of death or total and permanent disability shall be forwarded to the general secretary and treasurer, as hereinafter required within six months after the death or disability occurs; and it shall be likewise barred unless such action shall be commenced in some court of competent jurisdiction within six months after the final rejection of the claim by the Board of Insurance." And averred that proofs of death were not furnished the general secretary and treasurer within six months after the death of the insured, and that appellee did not within six months commence a suit on said certificate after the final rejection of said claim.

A jury being waived, the cause was heard by the court, resulting in a finding and judgment in favor of appellee for the sum of $1,600, the amount of said certificate. To reverse said judgment this appeal is prosecuted.

It is first contended by counsel for appellant for a reversal of said judgment, that appellee's intestate failed to pay the assessment for the month of May, 1920, until May 6, 1920, and that under appellant's constitution he thereby automatically ceased to be a member of appellant order.

Sections 129 and 141 of appellant's constitution provide as follows: Sec. 129. ''The dues of members of this lodge shall be paid monthly in advance, before the first day of each month, to the treasurer or collector (when such office exists) and shall be conditional upon the class of certificate held in beneficiary department, and shall not be less than the amount of the monthly assessment levied by the general secretary and treasurer on each certificate.'' And sec. 141. ''Any member of this lodge failing or refusing to pay his dues and assessments, as required by section 129, becomes expelled without any notice or further action whatsoever, and at that instant his beneficiary certificate shall be void, and all rights and benefits of beneficiary membership shall cease and be determined.''

Appellee testified without objection that on April 24, 1920, she sent by mail to L. B. Haskins, secretary and treasurer of the local lodge, to which appellee's intestate belonged, $3 for the assessment and dues owing by the insured for the month of May. Said secretary and treasurer admits receiving the same, but insists said assessment did not reach him until May 6.

The only question then on this issue is as to whether or not the assessment was paid before May 1. Appellee not only testified that she sent the assessment on April 24, but testified without objection that she paid the May assessment and dues on that day. A letter from Haskins was offered in evidence admitting the receipt of the $3 and also admitting the receipt of $2.75 sent by the insured a few days before his death, for the June assessment. There was therefore a con-

flict in the evidence, and it was for the trial court to say what the evidence proved. And in view of the evidence in the record we are not disposed to disturb his finding.

It is next contended by counsel for appellant that appellee did not furnish proofs of death within six months of the death of the insured, and that under the provisions of section 64 of appellant's constitution, appellee is barred of a right of recovery. Said section provides: "All right of action upon beneficiary certificate shall be absolutely barred unless proofs of death or total and permanent disability shall be forwarded to the general secretary and treasurer as hereinafter required within six months after such death or disability occurs. And it shall be likewise barred unless such action shall be commenced in some court of competent jurisdiction within six months after the final rejection of the claim by the board of insurance."

Section 64 should be read in connection with section 67 of said constitution, which provides: "Proofs of such death shall be made as follows: The secretary of the lodge of which deceased was a member shall promptly make a statement of such death on the form prescribed, and under the seal of the lodge, which statement shall be signed by the president and treasurer. * * * The secretary shall forward this certificate together with the beneficiary's certificate and receipts for all dues and assessments of the deceased brother for the month in which the death occurred, to the General Secretary and Treasurer." The secretary of the local lodge failed to comply with the provisions of section 67, not making the report herein provided for, neither did he furnish appellee with the forms specified for her to fill out.

These questions were asked said local secretary and treasurer, on cross-examination:

"Question: Did you ever forward to the General Sect. and Treasurer any receipts for dues and assess-

ments of Oscar H. Rexroad for the month of May, 1920?

"Answer:    I did not.

"Question:    Did you ever furnish to Mrs. Laura M. Rexroad, any forms for making proof of death, or any forms or blanks for making demand or claim under the beneficiary certificate?

"Answer:    I did not.   She had no right to any.   Mr. Rexroad was not a member, having been suspended at the time of his death."

The law is that: "The rules and by-laws of a benefit society should be liberally construed, and in case of an attempt by the society to declare a forfeiture will be most strictly construed against it." *Coverdale v. Royal Arcanum,* 193 Ill. 91; *Union Mut. Acc't Ass'n v. Frohard,* 134 Ill. 228; *Kohler v. Amalgamated Ass'n of St. & Elec. Ry. Employees of America,* 168 Ill. App. 344–346.

Forfeitures are regarded with disfavor in law, and the party claiming the forfeiture must establish it as an affirmative defense and by the clearest proof. *Railway, etc., Mut. Aid & Benefit Ass'n v. Tucker,* 157 Ill. 194–200.

The record discloses that appellee, within five days after the death of the insured, notified appellant's officers of his death, and it being conceded that appellee was not furnished with the form specified in said constitution for the making of proofs of death, and the said secretary and treasurer of the local lodge having failed to make a report to the general secretary and treasurer, as specified in appellant's constitution, we hold that appellee is not barred of a right of recovery for failure to make proofs of death.

It is next contended by appellant that the suit in question was not begun within six months from the date of the final rejection of her claim, and that under said section 64 of appellant's constitution, said suit is barred.

While the record discloses that the secretary and treasurer of the local lodge had written appellee that her husband had been dropped from appellant order for nonpayment of dues, still it was not for him to finally pass on said claim. The first notice that appellee received of the rejection of her claim, from the general officers of appellant order, was a letter which she received from the general secretary and treasurer. This letter was written on November 18, 1920, which was within less than six months of the commencement of said suit. We hold, therefore, that appellee's claim is not barred for failure to bring suit within the time specified.

It was also assigned as error that the trial court failed to pass on the proposition of law submitted by appellant.

This assignment of error was not referred to in appellant's argument, and is therefore, under the rules of this court, taken as waived.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Judgment affirmed.*