LOUISE THOMAS, Plaintiff-Appellant, v. ALLSTATE INSURANCE COM-
PANY, Defendant-Appellee.

First District (5th Division)   No. 1—88—1367

Opinion filed September 15, 1989.

Jeff A. Saltzman, of Chicago, for appellant.

Mark B. Ruda and Vincent P. Cook, both of Condon, Cook & Roche, of Chicago, for appellee.

JUSTICE COCCIA delivered the opinion of the court:

Plaintiff Louise Thomas appeals from an order entered by the circuit court, dismissing her breach of contract claim against defendant Allstate Insurance Company. For the following reasons, we affirm.

Thomas' one-count complaint was filed on December 31, 1987. She alleged therein that her rental property was insured by Allstate. Thomas asserted that on November 13, 1985, while the policy was in effect, certain personal property belonging to her, in the amount of $11,093.90, was stolen. Although she filed a proof of loss, as the policy required, Thomas averred that Allstate committed breach of contract by refusing to reimburse her for the stolen property.

On January 27, 1988, Allstate moved to dismiss Thomas' complaint, pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). Allstate argued that her lawsuit was barred by a limitations clause contained in the rental insurance policy. The policy, a copy of which was attached to Allstate's motion, provided:

"No suit or action may be brought against us unless there has been full compliance with all the terms of this policy. Any suit or action must be brought within one year after the denial of a claim in whole or in part."

According to Allstate, it declined to pay Thomas' claim in a letter dated December 16, 1986. Since her suit was commenced more than one year after declination, Allstate concluded, it was untimely.

An affidavit executed by counsel for Allstate was attached to the motion to dismiss. Counsel alleged that Thomas was examined under oath at his firm after her proof of loss was submitted. Subsequently, Allstate instructed him to prepare a declination letter. This letter, likewise attached to Allstate's motion, stated in part:

"We herewith reject and return to you an instrument purporting to be a Sworn Statement in Proof of Loss rendered by you to the undersigned insurance company in connection with an alleged loss by theft or burglary which is alleged to have been sustained by you on or about November 13, 1985.

Please be advised that said insurance company denies any and all liability to you in the amount of eleven thousand ninety-three and 90/100 Dollars ($11,093.90) claimed in said instrument purporting to be a Sworn Statement in Proof of Loss or, in any

other amount whatsoever. This denial of liability is predicated on, among other reasons fraud and false swearing in submission of the Sworn Statement in Proof of Loss and at the examination under oath and in particular with respect to the quantity, identity and value of items allegedly taken.

The rejection of the instrument referred to and the denial of liability are not to be construed by you as a waiver of any of the rights of said insurance company under its respective policy of insurance ***."

The letter referred to Thomas by name three times, her policy number two times, the date of loss two times, Allstate two times, and the claim number and file number once. The letter was written on the letterhead of counsel's firm, but it was signed "Very truly yours, Allstate Insurance Company" by counsel as "One of its attorneys." In his affidavit, counsel affirmed that the letter was sent via certified mail.

In response to Allstate's motion, Thomas argued that the declination letter was not valid notice, sufficient to begin the running of the limitations clause, because it was sent by Allstate's counsel, rather than by Allstate itself. Thomas did not submit an affidavit to rebut the statements included in that submitted by Allstate's counsel.

In reply to Thomas' response, Allstate pointed out that she had acted through counsel, which was the very conduct she complained of on Allstate's part. By letter dated November 6, 1987, a copy of which was attached to Allstate's reply, counsel for Thomas wrote counsel for Allstate—not Allstate itself—asking for an explanation as to why his client's claim had been denied. In his letter, Thomas' counsel did not object to the form of notice or suggest that it was improper.

The hearing on Allstate's motion to dismiss was held on April 14, 1988. The circuit court granted the motion, agreeing with Allstate that the declination letter was proper notice. Thus, the circuit court concluded, Thomas' action was barred because it was filed outside the one-year limitations period. The circuit court appears to have based this conclusion, at least in part, upon *Davis v. Allstate Insurance Co.* (1986), 147 Ill. App. 3d 581, 498 N.E.2d 246.

On appeal, Thomas does not argue that her complaint was filed within a year of the date she received the declination letter. Nor does she contend that the limitations clause is invalid. Finally, she does not assert that the December 16, 1986, letter was not, in substance, a denial of her claim. Instead, Thomas argues, as she did below, that the declination letter was insufficient notice. Consequently, the limitations period never started running.

Thomas invokes Applemans' insurance law treatise to support her

position. It states that contractual limitations periods do not begin to run until the insurance company notifies the insured of the claim's denial; the statement of a subordinate officer or agent of the company is not sufficient. See 20A J.A. Appleman & J. Appleman, Insurance Law & Practice §11612 (1980).

The sole case relied upon by Thomas on this point, which the treatise cited in support of the foregoing proposition, is *Rexroad v. Grand Lodge Brotherhood of Railroad Trainmen* (1924), 245 Ill. App. 221. Plaintiff in *Rexroad* sued a benefit society when it refused to pay a claim she submitted after her husband's death. The society's constitution provided that all actions against it had to be commenced within six months of final claim rejection by its general officers. A local officer wrote plaintiff, informing her that the claim was rejected. Plaintiff subsequently received claim rejection notice from the society's general officers. She received this notice by letter dated November 18, 1920, less than six months before she commenced her action. Since the notice from the local officer failed to meet the requirements of the society's constitution, and since plaintiff's action was commenced within six months of notice from the general officers as the constitution required, the appellate court held that plaintiff's claim was not barred for failure to bring suit within the specified time. See *Rexroad*, 245 Ill. App. at 225-26.

The facts of our case are not analogous to the facts of *Rexroad*. In this case Thomas, unlike plaintiff in *Rexroad*, filed her action outside the applicable limitations period. Thomas has pointed to no language in Allstate's policy that, in contrast to the benefit society's constitution at issue in *Rexroad*, expressly or impliedly prohibited Allstate from denying her claim as it did. She relies upon a definitional clause in the policy to support her argument that notice by Allstate's counsel was invalid:

> " 'Allstate', 'we', 'us', or 'our'—means the company named on the declarations page."

Even when read in conjunction with the limitations clause quoted above, the latter clause does not prohibit Allstate from denying Thomas' claim through its attorneys. Therefore, we reject the notion that an insurer cannot provide notice of claim denial through counsel, when the insurance policy does not rule out such action, and when the declination letter to the insured clearly states that counsel is acting on behalf of the insurer.

In the alternative, Thomas contends that should we determine that the limitations clause is ambiguous, it must be construed in her favor. She cites *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill.

2d 420, 401 N.E.2d 539, to support this argument. In *Menke,* however, the supreme court also stated that if a clause is unambiguous, construction is unnecessary and the clause may be applied as written. (See *Menke,* 78 Ill. 2d at 423-24, 401 N.E.2d at 541.) We are of the opinion that the limitations clause is unambiguous. Thus, because Thomas' action was commenced after the limitations period expired, it was untimely.

We note in closing that the *Davis* case, which the circuit court partly based its ruling upon, does not support the dismissal of Thomas' complaint. The court in that case was presented with different issues than those presented here. Nevertheless, an appellate court must affirm a circuit court's judgment of dismissal upon any proper grounds raised in the motion. (*Village of Lake in the Hills v. Illinois Emcasco Insurance Co.* (1987), 153 Ill. App. 3d 815, 817, 506 N.E.2d 681, 683.) Allstate sought dismissal on the grounds of the plain language of the limitations clause, in addition to the *Davis* case. Therefore, we must uphold the dismissal order entered by the circuit court.

For the reasons stated, the circuit court's judgment, dismissing Thomas' complaint, is affirmed.

Affirmed.

LORENZ and PINCHAM, JJ., concur.