## Covenant Mutual Life Association v. Chas. Baughman et al.

1. INSURANCE—*Time for Bringing Suit—Limitation—Waiver.*—A condition in a policy of life insurance that no action at law or suit in equity shall be brought or maintained or such policy or recovery had unless such action or suit is commenced within one year from the date of the death of the insured is intended for the benefit of the insurance company and may be waived by it.

Covenant Mut. Life Ass'n v. Baughman et al.

2. FORFEITURES—*Conditions of, in Policies of Insurance.*—Courts will not require very stringent evidence to defeat the operation of a condition in a policy of life insurance providing that no action at law or suit in equity should be brought or maintained hereon or recovery had unless such proceedings be commenced within one year from the date of the death of the insured, such lapse of time being stated as an absolute bar against the validity of the claim.

3. WAIVER—*Of Conditions in Policies of Insurance.*—Any conduct on the part of an insurance company clearly inconsistent with a condition in its policy limiting the time within which suit must be commenced will justify the inference that the condition has been waived.

4. LIMITATIONS—*In Policies of Insurance, Sustained by the Weight of Authority.*—Stipulations in policies of insurance limiting the time in which actions are to be brought upon such policies, are sustained by the great weight of authority (Riddlesbarger v. Hartford Ins. Co., 7 Wall. (U. S.) 386).

Assumpsit, on a policy of insurance. Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed February 9, 1898.

W. C. CALKINS and JOHNS & HOUSUM, attorneys for appellant.

The familiar rule that a waiver is the intentional relinquishment of a known right, and there must be both knowledge of the existence of the right and an intention to waive it, has been applied in the following decisions:   Perin v. Parker, 25 Ill. App. 468; 126 Ill. 211; Keller v. Robinson, 153 Ill. 458.

The validity of the limitation clause has been so thoroughly adjudicated and settled by the courts of this and other states that a citation of cases in support of the general proposition would prove useless and a waste of time.   The fact that the beneficiaries are minors does not prevent the limitation from running.  O'Laughlin v. Union Cent. Ins. Co., 11 Fed. Rep. 280.

Time given to make proofs of loss does not apply or prevent the bar.   Travelers Ins. Co. v. Calif. Ins. Co., 45 N. W. Rep. 703.

A promise to adjust a disputed question as to salary, will not suspend the running of the statute until the fixing of the salary or the refusal of its payment. Enis v. Pul. Palace Co., 46 N. E. Rep. (Ill.) 439.

A condition in a policy that a suit for a loss must be commenced in a certain time, is not waived by mere negotiations for a settlement. Met. Acc. Ass'n v. Clifton, 63 Ill. App. 152.

CHAS. H. SHAMEL and FRANK P. DRENNAN, attorneys for appellees.

All conditions subsequent to the right of recovery, and all acts to be done by the company in discharge of its liability, may be omitted from the declaration and left to be set up as a defense. Rockford Ins. Co. v. Nelson, 65 Ill. 415.

Limitations of one year need not be excused in declaration, but must be set up as a defense, and plaintiff may reply the facts relied upon for his excuse for not bringing suit within the time limited. Andes Ins. Co. v. Fish, 71 Ill. 620; Humboldt Ins. Co. v. Johnson, 1 Ill. App. 309; Ill. Live Stock Ins. Co. v. Baker, 49 Ill. App. 92.

OPINION PER CURIAM:—This suit was brought on the ninth day of September, 1895, by appellees against appellant on one of its policies of insurance issued on the fifteenth of February, 1893, for $1,000 upon the life of Matilda Cook, thereby agreeing to pay the mortuary benefit to her children who are the appellees herein.

The appellant invokes as its only defense the limitations as to the time of bringing suit as contained in condition 15 of the policy, which is as follows:

Condition 15. "No action at law or suit in equity shall be brought or maintained hereon or recovery had unless such proceedings be commenced within one year

from the date of death of the insured, such lapse of time being an absolute bar against the validity of the claim; any delay in furnishing, as above provided, proofs of death, shall not be held to waive or change this limitation."

The sole contention on the part of appellees is that appellants waived this condition by furnishing blanks to enable appellees to furnish proofs of death of the insured and also requesting the guardian of the minor appellees to furnish certified copies of his letters of guardianship and of his bond as such guardian and affidavits of minister who officiated at the funeral of the insured and of her birth, which was received, accepted and retained by appellant.

Matilda Cook died July 12, 1893. It appears from the proof that appellant was notified of her death by the firm of Cox & Webb, attorneys representing appellees, by letter, bearing date July 31, 1894. In this letter the attorneys notified the appellant that the stepfather of the beneficiaries had concealed the policy and refused to surrender the same.

On the second day of August, 1894, the attorneys of appellees wrote to home office of appellant for blanks used by the company in making proofs of death. Subsequently he received a reply of date August 3, 1894, acknowledging the receipt of theirs of the second instant, and inclosing the blanks for the proof of death. This letter was written by the secretary of the company. In this letter he advised them that he sent them but one affidavit for a physician, but if there was more than one physician consulted or in attendance during last illness, kindly write the office, and blanks for securing the affidavits of each will be promptly supplied.

August 8, 1894, the secretary of the company, S. H. Smollinger, writes Cox & Webb, in reply to theirs of

the seventh instant, that he inclosed an additional
blank for physician's affidavit, advising them that
it was only necessary for one of the beneficiaries
to execute the claimant's affidavit. Also in the event
that any of the beneficiaries were minors, a guard-
ian must be appointed for them and a copy of his
letters of guardianship sent to appellant, and it must
appear from the copy that a bond had been given by
the guardian and approved by the court. We have no
special form for the guardian.

The president of the company, on the twenty-eighth
day of September, 1894, writes Cox & Webb, your
favor of the twenty-seventh instant, inclosing affidavit
of claimant, Chas. Baughman, Dr. P. G. Collins, the
undertaker and friend, *in re* the death of Matilda
Cook, to hand, stating the same had been filed,
also letters of guardianship had been received. Also
suggesting they should have an affidavit, giving
date of birth of insured, also calling for minister's affi-
davit.

Under date of October 13, 1894, the president of the
company writes Cox & Webb, acknowledging the
receipt of theirs of the thirteenth instant, and advising
them the minister's affidavit had been filed with other
documents in case of Matilda Cook, deceased. It was
admitted upon the trial that the proofs of death were
filed September 28, 1894.

While there may be some conflict of authority as to
the validity of the limitations stipulated in condition
15 in the policy, yet the great weight of authority sus-
tains such limitation. Riddlesbarger v. Hartford Ins.
Co., 7 Wal. 386. But this condition, like all others in-
tended for the benefit of the insurers, may be waived
by them. And as the condition is harsh in its bearing
on the insured, and works a forfeiture when upheld,
the courts will not require very stringent evidence in

order to defeat its operation. A positive act of the company intended to induce postponement is not necessary. May on Insurance, Sec. 488; Bliss on Life Insurance, Sec. 362.

We hold that appellant, by the conduct of its officers in furnishing the blanks to enable the beneficiaries to make proofs of death and in the most kindly manner assisting and advising them how to prepare the proofs, and what were required with full knowledge of the time the insured died, waived the limitations stipulated in the policy. The letters written by the officers of appellant to the agents of the beneficiaries are quite convincing that they were not insisting or intending to insist on the limitation.

Their conduct was clearly inconsistent with such insistance, and from this a waiver may be inferred. May on Ins., Sec. 464.

Why should the appellant spend so much time in corresponding with the agents of the beneficiaries and in examining the proofs of death and giving instructions with reference to preparation of the same, and also allow the beneficiaries to spend much time and money in preparing the proofs of death, unless it was to have the claim put in shape that it could be paid, and waive the limitation. No other good motive can be supplied for this conduct. Why should appellants receive the proofs and file them in their office if it were not ·to adjust and allow this claim and waive the stipulated limitation.

As it is admitted by counsel, the only contention in this case is with reference to condition 15 of the policy, we do not deem it necessary to pass on the other questions suggested, as they are thereby waived.

The judgment of the Circuit Court will be affirmed.