# Springfield Mutual County Fire Insurance Company v. George A. Merriman.

ARGUMENT OF COUNSEL—*when improper, will not reverse.* Notwithstanding the argument complained of was improper, a reversal will not be awarded unless there is probability that another trial would result in a different verdict.

Assumpsit. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

ROBERT H. PATTON, for appellant.

JOHN C. SNIGG and C. F. MORTIMER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover upon two policies insuring the property of appellee against loss or damage by fire or lightning. The first count of the declaration declares upon a policy insuring a hay shed for the sum of $565, and the second count declares upon a policy insuring hay in the shed. The loss or damage is alleged to have been occasioned by lightning. The second count of the declaration was excluded from the jury, and upon the first count there was a verdict and judgment against appellant for $565.

On May 11, 1905, a large hay shed, 96 feet in length, 50 feet in width, 21 feet to the eaves and 45 feet to the top of the gable, was almost totally destroyed during a severe electrical and wind storm.

It is insisted on behalf of appellant that there is no evidence in the record tending to show that lightning was the proximate cause of the damage; that the damage was occasioned wholly by a wind storm; that conceding that some portion of the damage was occasioned by lightning, the evidence does not disclose what portion of the damage was so occasioned by lightning independent of the damage caused by the wind, and, therefore, appellee established no basis for a recovery.

There is evidence tending to show that many of the posts, timbers and boards, of which the shed was constructed, were split, splintered, shattered and broken; that the boards and timbers were split along the line of the nails; that the iron track, upon which the hay fork was operated, appeared to have been recently blistered by intense heat. It is not controverted that a severe storm was in progress at the time the shed collapsed. John Cherry, the only person who was on the premises during the storm testifies that he saw

the lightning strike the shed and "knock it to pieces;" that the wind came immediately after.

True, it appears from the evidence that some of the boards were found a considerable distance from the site of the shed, but the evidence also shows that the greater portion of the shattered material remained where it fell. No fire resulted, and there is no proof that any of the lumber had the appearance of having been seared or burned.

The effects of lightning discharges are so various and unique, that they are difficult of explanation, even by those most versed in the science of electricity. It is a matter of common knowledge and observation that trees shattered by a stroke of lightning frequently manifest no evidence of having been burned or seared.

We think the jury were justified in finding that the proximate cause of the destruction of the shed was a stroke of lightning. Lightning having been the proximate cause of the damage, it cannot affect the right of appellee to recover therefor, that some damage was also done by the wind. Without doubt the burden of proof was upon appellee to show not only that the damage was caused by lightning, but also the amount of such damage, and we are of opinion that there is sufficient evidence in the record to sustain the verdict of the jury upon the latter issue. That the task of separating the damage done by lightning from the damage which may have been occasioned by the wind was a difficult one, must be conceded, but it was one peculiarly within the province of the jury to perform. The evidence discloses the value of the shed as a whole, and the character of the damage sustained by its various parts, and the jury were thus afforded the means of determining the amount of appellee's loss under the policy.

The second instruction given at the instance of appellee is said to be erroneous because it assumed there is evidence tending to show the amount of damage done by the lightning. The record, in fact, contains

such evidence, and the trial court necessarily so held when it refused the peremptory instruction tendered by appellant.

Whether there was any evidence in the record tending to prove the amount of damages sustained by appellee was a question of law for the trial court, and the court having held that there was such evidence, it, not improperly, assumed the existence of such evidence, and informed the jury, that, if, from the evidence in the case, they should find the issues for appellee, and that appellee had sustained damages by the shed being struck by lightning, as charged in the declaration, they might "estimate such damages by all the evidence and testimony in the case bearing upon that question."

Lastly, it is urged that appellant was prejudiced by certain inflammatory remarks of counsel for appellee in his closing argument. The remarks of counsel for appellee were improper, and if there was any probability that another trial of the case would result differently, we might be disposed to reverse the judgment for that reason. The prejudicial effect of the remarks was, however, largely overcome by the action of the trial court in promptly and emphatically reprimanding offending counsel and instructing the jury to wholly disregard such remarks and not permit themselves to be influenced or prejudiced thereby. The judgment of the Circuit Court is affirmed.

*Affirmed.*