**STAHLY, Inc., v. M. H. JACOBS CO., Inc., et al.**

No. 48 C 1849.

United States District Court.
N. D. Illinois, E. D.

Sept. 22, 1949.

Chritton, Schröder, Merriam & Hofgren, Chicago, Ill., for plaintiff.

Thiess, Olson & Mecklenburger, Chicago, Ill., for defendants.

LA BUY, District Judge.

In the companion case of Harshberger v. Tarrson, D.C., 87 F.Supp. 43, the facts concerning the dispute have been set forth.

The motion to dismiss herein leaves for determination the sufficiency of the complaint to state trademark infringement and unfair competition through violation of the Illinois Fair Trade Act, Ill.Rev.Stat. 1949, c. 121½, § 188 et seq. It alleges defendant obtained possession of 45,000 razors bearing plaintiff's trademarks, which razors are in defective condition and were never the property of the plaintiff; that plaintiff is informed and believes defendants are about to sell these razors as those of plaintiff and such sale would infringe the plaintiff's trademarks.

 Infringement of a trademark consists in unauthorized use or colorable imitation of a mark already appropriated by another. The present complaint does not allege defendants were guilty of either. It is stated that denial by plaintiff that it was the owner of the razors or that the razors were never the property of the plaintiff establishes that the trademarks used thereon are either copies or counterfeits and that the sale of them bearing plaintiff's mark is an actionable wrong no matter how the marks happened to become applied to the goods. While this may be true, such a denial of ownership of goods does not allege that defendant without authority assumed the usage of the trademark and in the absence of such an allegation it cannot be said that the complaint states a claim for trademark infringement. It is the usage of the trademark in an unauthorized manner which is the basis of a trademark infringement action.

The amended complaint further alleges violation by defendants of fair trade agreements fixing the prices of the razors in that defendants have sold, offered to sell and intend to sell said razors at prices below the minimum prices established by plaintiff and its distributors and dealers. The pertinent question is whether Stahly waived the right to proceed in protection of that contract right by virtue of the letter sent to General Factors Corporations on July 21, 1948.

The salient part of the letter reads: "In consideration of your making a loan to said Aircraft & Deisel Equipment Corpora-

tion, we hereby consent to and agree that we will not assert any rights or claims contrary to your rights to realize upon such security as pledgee thereof, in the event of non-payment of the loan."

Waiver has been defined as a "voluntary and intentional relinquishment or abandonment of a known existing right, advantage, benefit, claim, or privilege, which except for such waiver the party would have enjoyed; * * *." 67 Corpus Juris 289. The question of consideration appears settled in the letter itself, being the granting of a benefit to a third party. The court is of the opinion the above paragraph of the letter constitutes a waiver and abandonment of all rights plaintiff could assert as to the razors without regard to future possession by any other person.

An order has this day been entered sustaining the defendants motion to dismiss the plaintiff's amended complaint.