**SAGER GLOVE CORPORATION,**
Plaintiff-Appellant,

v.

**AETNA INSURANCE COMPANY et al.,**
Defendants-Appellees.

No. 13993.

United States Court of Appeals
Seventh Circuit.

May 10, 1963.

Rehearing Denied June 5, 1963.

Robert J. Nolan, Chicago, Ill., John C. Ambrose, Chicago, Ill., of counsel, for plaintiff-appellant.

John P. Gorman, Donald N. Clausen, Clausen, Hirsh, Miller & Gorman, Chicago, Ill., for defendants-appellees.

Before HASTINGS, Chief Judge, and KNOCH and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

Plaintiff Sager Glove Corporation brought this action against Aetna Insurance Company and 21 other insurance companies on January 12, 1956. Recovery was sought for losses allegedly covered by vandalism and malicious mischief endorsements contained in 67 separate fire insurance policies which losses defendants had refused to pay. The district court entered judgment on the pleadings with respect to 28 of these policies and summary judgment with respect to the remainder. Plaintiff's appeal followed.

After its original complaint was stricken, plaintiff filed an amended complaint containing 67 counts, 1 count for each policy sued on. Plaintiff alleged in its amended complaint that acts of vandalism and malicious mischief occurred between February 1, 1953 and January 14, 1955. The specific dates of such occurrences varied from count to count. Plaintiff further alleged that the various acts of vandalism and malicious mischief were not discovered by it until January 14, 1955 and that upon discovery defendants were immediately notified.

By its reply to defendants' answer, plaintiff admitted that each policy sued on contained the following limitation: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless commenced within twelve months next after inception of the loss."

With respect to 24 of the policies sued on (group 1 policies), no acts of vandalism and malicious mischief are alleged to have occurred later than December 20, 1953. Thus, it appears from the pleadings alone, with respect to group 1 policies, that the last date for commencing suit within the twelve month limitation period was December 20, 1954. Plaintiff did not discover its loss or notify defendants, much less bring suit, until January 14, 1955.

The district court entered judgment on the pleadings as to all group 1 policies, and plaintiff claims it erred in so doing. It is plaintiff's theory that the twelve month time limitation did not begin to run until the loss was discovered.

■ We have found no Illinois cases where the phrase involved here—"twelve months next after inception of the loss"

—has been discussed as to losses from vandalism or malicious mischief. It is our conclusion that the meaning of the phrase is quite clear. It has nothing to do with the state of mind of the insured. It deals with an objective fact which in the context of this case is a specific act of vandalism or malicious mischief. The loss occurs and has its "inception" whether or not the insured knows of it.

Our view of this phrase finds support in two New York cases where this precise phrase was considered. Margulies v. Quaker City Fire & Marine Ins. Co., 276 App.Div. 695, 97 N.Y.S.2d 100 (1950); Thames Realty Corp. v. Massachusetts F. & M. Ins. Co., Sup.Ct., 170 Misc.2d 747, 184 N.Y.S.2d 170 (1959). In Thames Realty, insured sued on policies for losses from an explosion which damaged its building. The suit was commenced more than twelve months after the explosion, but insured claimed it discovered the damage only a few months before the action was filed. The court stated that the fact of recent discovery was immaterial and held that the twelve month period began to run from the "occurrence of the event insured against." Thames Realty Corp. v. Massachusetts F. & M. Ins. Co., supra at 171.

The district court did not err in entering judgment on the pleadings with respect to the group 1 policies. Time of discovery of the loss by the insured is immaterial, and it appears from the pleadings that suit was not brought within twelve months of any acts of vandalism or malicious mischief alleged with respect to these 24 policies. There is no claim that defendants did anything to prevent discovery of the loss by plaintiff.

 As to the remaining 43 policies sued on (group 2 policies), the district court entered summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A.[1] Losses under 40 of the group 2 policies were alleged to have occurred up to and including January 14, 1955, under 1 policy up to and including March 7, 1954 and under 2 policies up to and including January 15, 1954. The instant suit was filed January 12, 1956. Thus, only those acts of vandalism and malicious mischief alleged to have occurred on January 12, 13 and 14, 1955 were within the twelve month time for suit limitation contained in the group 2 policies.

In addition to contending that the twelve month time for suit limitation ran from the time of discovery of the losses, which contention we have rejected, plaintiff urges that defendants waived the time for suit limitation by "exhausting its investigative prerogatives for a full year after notice of the claimed loss." The earliest possible date of waiver, under such contention, was January 14, 1955 when defendants were first notified of plaintiff's losses. All counts of the complaint with respect to group 2 policies allege acts of vandalism and malicious mischief occurring within the twelve month period preceding January 14, 1955.

There is no genuine issue as to any material fact relevant to the question of waiver. The following facts appear from the amended complaint and the affidavits in support of and in opposition to defendants' motion for summary judgment.

Immediately upon discovery of the losses, plaintiff gave written notice thereof to defendants. Defendants then sent adjusters to discuss such claims with plaintiff's president who was urged by them to prepare an audit for inspection. Shortly after receiving the written notice, defendants denied liability under the insurance policies. On March 8,

---

**I.** The district court entered judgment on the pleadings with respect to four of the group 2 policies. To do so it was necessary to go outside the pleadings to other matter presented to the court. Under such circumstances, a motion for judgment on the pleadings shall be treated as a motion for summary judgment and acted upon accordingly. Rule 12(c), Federal Rules of Civil Procedure, 28 U.S.C.A. We shall treat the judgment entered with respect to these four policies as having been entered on a motion for summary judgment.

1955, plaintiff filed a formal statement of loss with defendants listing the machinery claimed to have been damaged.

Pursuant to provisions in the insurance policies requiring the insured to submit to examination under oath, defendants interrogated plaintiff's president on April 12, April 14, July 18, 1955 and January 11, 1956. Upon defendants' request, plaintiff's president presented at the July 18 examination an audit of plaintiff's books and records relative to the claimed loss.

Plaintiff was aware of the time for suit limitation provision in its policies. In a letter of January 6, 1956 to defendants' counsel from the attorney who was then representing plaintiff, the attorney stated: "[S]ettlement has not been discussed." In an earlier letter, the same attorney had stated: "Inasmuch as the twelve-month limitation on filing our action in the above matter [plaintiff's claim] will expire on the 14th January 1956 * * *." And again in another letter of January 6, 1956, he stated: "The time limitation requires that suit be filed within the next few days * *."

■ Under Illinois law a waiver of the time for suit limitation contained in a policy of insurance may be implied from the insurer's conduct. E. g., Midwest T. P. Works, Inc. v. Firemen's Ins. Co., 36 Ill.App.2d 65, 183 N.E.2d 562 (1962) (failure of insurer to notify insured of rejection of proof of loss in time to afford insured a reasonable time to file suit within the time limit); Chicago & W. I. R. Co. v. Guaranty Co. of N. A., 207 Ill.App. 483 (1917) (insurer engaged in negotiations looking towards settlement, thereby deterring insured from filing suit within the time limit); Covenant Mut. Life Ass'n v. Baughman et al., 73 Ill.App. 544 (1898) (insurer furnished blanks and assisted in preparing proofs of loss, knowing that notice of the claim had not been received until after expiration of the time limit). None of these factors is present in the case at bar.

■ Defendants' investigation of the claimed loss did not bring its conduct within the scope of the rule of implied waiver exemplified by the Illinois authorities. Defendants denied liability shortly after being notified of the loss, and during the ensuing investigation never retreated from that position. There were no negotiations between the parties looking toward settlement. Plaintiff realized that it was required by the provisions of its policies to bring suit within twelve months of the loss and was not in fact led to believe that defendants would not rely on the time for suit limitation. See Advanced Methods, Inc. v. Grain Dealers Mutual Ins. Co., 7 Cir., 274 F.2d 634 (1960). We conclude that the doctrine of implied waiver may not be extended to encompass the factual situation before us.

Since there was no waiver of the time for suit limitation, the only acts of vandalism or malicious mischief which are not barred by the limitation are those alleged to have occurred within twelve months prior to January 12, 1956, the date this action was commenced. The acts alleged to have occurred on January 12, 13 and 14, 1955 are within this period.

■ In answer to interrogatories, plaintiff stated that it had no knowledge of the amount of damage caused by the acts of vandalism and malicious mischief occurring on January 12, 13 and 14, 1955 and that it was impossible to state what particular act or acts occurred on any particular day. It was proper for the district court to consider plaintiff's answers to interrogatories in ruling on the motion for summary judgment. United States v. Kansas Gas and Electric Company, 10 Cir., 287 F.2d 601 (1961).

■ The burden of segregating the losses for which it could recover from those for which it could not recover was on plaintiff. Morris v. Western States Mutual Automobile Ins. Co., 7 Cir., 268 F.2d 790, 793 (1959); Springfield M. C. Fire Ins. Co. v. Merriman, 134 Ill.App. 249, 251 (1907). Plaintiff admits it does not know the amount of damage resulting from the acts committed on the three days within the twelve month limitation and that it is impossible to state exactly when the acts occurred. It is clear,

therefore, that it could not sustain its burden of proving which losses were attributable to the acts occurring on these three days.

The district court did not err in entering summary judgment with respect to the group 2 policies. The facts not open to question show there was no waiver under Illinois law. By plaintiff's own statement, it would be unable to sustain its burden of proof requisite to recovery for alleged occurrences during the three day period not barred by the policy limitation.

For the foregoing reasons, the judgment of the district court is affirmed.

Affirmed.