**CUSTOM LINE BUILDERS CORPORATION, INC., an Illinois Corporation, Plaintiff,**

v.

**KANSAS CITY FIRE AND MARINE COMPANY, a corporation, Defendant.**

No. 75 C 1962.

United States District Court, N. D. Illinois, E. D.

May 26, 1976.

Ray & Glick Ltd., Libertyville, Ill., for plaintiff.

John P. Gorman, Clausen, Hirsh, Miller & Gorman, Chicago, Ill., for defendant.

## MEMORANDUM

LEIGHTON, District Judge.

### I.

This suit was originally filed in the circuit court of Lake County, Illinois by the assignee of a fire insurance policy to recover for an alleged breach of the insurance contract. On defendant's motion alleging diversity of citizenship, the cause was removed pursuant to 28 U.S.C. § 1441(b) and federal jurisdiction invoked under 28 U.S.C. § 1332(a)(1). After the case was docketed in this court, defendant answered the complaint and then filed a motion for summary judgment which is opposed by plaintiff. The question presented is whether the motion, supporting papers, and affidavits disclose that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law. This issue arises from the following facts.

## II.

On April 24, 1973, a fire occurred in a single family residence located at 2123 Grandwood Drive, Gurnee, Illinois in which Eugene and Phyllis Briggs made their home. The Briggs, joint owners of the premises and the insured under policy No. HR 076537 issued by defendant, died in that fire. The original of the policy has been destroyed and the parties are in disagreement concerning how it defined the term "insured"; but they agree the terms required that:

> The insured shall give immediate written notice to this Company of any loss * * and within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss, signed and sworn to by the insured * * *.
>
> * * * * * *
>
> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy have been complied with, and unless commenced within twelve months next after inception of the loss.

Six days after the tragedy, an agent of the defendant, after being notified by the mortgagee of the premises, visited the site and spoke to the daughter of one of the insureds, advising her that the filing of a claim was required. A little more than a month after that, an estate was opened for Phyllis Briggs. Five days later, on June 12, 1973, defendant's agent received by mail a proposal for repairs of the fire damage to the Briggs' residence. Some six weeks later, on July 26, 1973, the agent wrote the attorney for Phyllis Briggs' estate inquiring why an estate had not been opened for Briggs, and further requesting death certificates. Thereafter, and for almost one year, there was no communication between defendant and any representative of the Briggs concerning the matter. During that time, however, a letter was written by the mortgagee of the premises to the Veterans Administration which had guaranteed the mortgage.

On June 3, 1974, fourteen months after the fire, the mortgagee wrote to defendant's agent advising him of the status of the title to the Briggs property. Thereafter, an estate was opened for Eugene Briggs on September 30, 1974. Then, on January 15, 1975, in connection with a sale of the property, the legal representatives of the Briggs estates assigned to plaintiff all right, title and interest in policy No. HR 076537. On May 9, 1975, more than two years after the loss in question, the suit in this case was filed.

## III.

Defendant's motion for summary judgment is grounded on the provisions of the policy that the insured file a sworn proof of loss within 60 days of its occurrence and file a suit for breach of the policy before expiration of 12 months. Defendant alleged that these provisions were not complied with; that they were not waived; and that there is no genuine factual issue between the parties concerning whether the insureds or anyone for them complied with the policy requirements. Therefore, since plaintiff could not recover, it was entitled to a summary judgment in its favor.

Plaintiff has responded, with supporting affidavits, alleging that there were genuine factual issues concerning whether the provisions of the policy on which defendant relied were waived by its agent. In addition, it contended that because the Briggs perished in the fire that gave rise to the claim, there were serious questions whether the time limit provisions of the policy were applicable to this case. In support of its contentions, plaintiff offered excerpts from the deposition of defendant's agent, Joseph I. Solan, taken on December 9, 1975. These disclose that when Solan was asked whether after the loss, but without proof being made or a suit being filed, defendant was willing to pay the claim, he responded, "Upon everything else being equal, yes, Sir." When asked whether on defendant's behalf he had raised the failure to file the proof within 60 days. his answer was "No, I

didn't. We're not exactly hatchet people. When two people die in a fire, we were just trying to establish who owned it. Now, you know what I mean. We owe the money, if someone will prove to us who we owe it to, you know. We are ready—The Kansas City Fire and Marine Company gave it to me to represent them and adjust the loss. * * I would think, under these conditions, it would be only common sense to waive it. Whether or not it's my prerogative, I did waive it. I figured under these conditions, two people dead and no estate established, I had to give them time."

## IV.

■ It is well established that one cannot by words or course of conduct lead another to believe that he will not insist on strict performance of a duty imposed by law or contract and then, without notice, insist on such performance. *Hubsman v. Louis Kerr Shoe Co.,* 129 F.2d 137 (7th Cir. 1942); see *Buffum v. Chase National Bank,* 192 F.2d 58 (7th Cir. 1951), *Stahly, Inc. v. M. H. Jacobs Co.,* 87 F.Supp. 48 (N.D.Ill. 1949). Generally, provisions which impose a period of limitation less than that required by a statute of limitations have been strictly construed by the courts, with doubts resolved in favor of finding a waiver when the facts so indicate. See 22 I.L.P. Insurance §§ 526, 445; *Covenant Mut. Life Ass'n. v. Baughman,* 73 Ill.App. 544, 548–549; *Downing v. Wolverine Ins. Co.,* 62 Ill.App.2d 305, 210 N.E.2d 603. Therefore, such rights under an insurance policy as those that limit the time when an action may be brought, or limit the time within which notice must be given, or proof of loss made, may be lost by waiver or estoppel. *McMahon v. Millens Nat. Ins. Co.,* 131 Ill. App.2d 339, 266 N.E.2d 714 (1971); *Downing v. Wolverine Ins. Co.,* 62 Ill.App.2d 305, 210 N.E.2d 603 (1965); see *Sager Glove Corp. v. Aetna Ins. Co.,* 317 F.2d 439 (7th Cir. 1963).

■ In this case, excerpts of the deposition given by defendant's agent refute its contentions. In this court's view, the agent's responses seriously impair the asser-tions that the furnishing of a sworn proof of loss and filing of suit within 12 months were not waived. At the very least, it must be said that as to these aspects of the controversy, there exist between the parties genuine material issues of fact. See *Flagler v. Wessman,* 130 Ill.App.2d 491, 263 N.E.2d 630 (1970); *Dickirson v. Pacific Mutual Life Ins. Co.,* 319 Ill. 311, 150 N.E. 256 (1926); compare *Berman v. Palatine Ins. Co.,* 379 F.2d 371 (7th Cir. 1967).

Moreover, loss of the actual policy that defendant issued in this case, and the dispute concerning how the word "insured" and the phrase "death of the insured" were defined in that policy, raise material factual questions which when answered will determine whether plaintiff, an assignee, is bound by the provisions on which defendant now relies. Since these provisions, if applied as claimed, would work a forfeiture of rights created by the policy, it is incumbent on defendant, for whose benefit the provisions were drafted, to show that they are, by contractual undertaking, applicable to persons other than the Briggs who were the named insureds. See *Globe Accident Insurance Co. v. Gerisch,* 163 Ill. 625, 45 N.E. 563, 565 (1896); compare, *Matthews v. American Century Ins. Co.,* 154 N.Y. 449, 48 N.E. 751 (1897). For these reasons, the court concludes that in this case defendant is not entitled to judgment as a matter of law. See *Girard v. Gill,* 261 F.2d 695 (4th Cir. 1958); compare *Palmer v. Chamberlin,* 191 F.2d 532, 540. Therefore, its motion for summary judgment is denied. A minute order to this effect will be entered.

So ordered.