MICHAEL CALIFANO, Plaintiff, *v.* CITIZENS INSURANCE COMPANY OF NEW JERSEY, Defendant.

Supreme Court, Special Term, New York County, April 19, 1937.

*Goldstein & Goldstein,* for the plaintiff.

*Powers, Kaplan & Berger* [*Samuel A. Berger* and *Milton Adler* of counsel], for the defendant.

SHIENTAG, J. The motion is properly made. The defendant is proceeding under subdivision 6 of rule 107 of the Rules of Civil Practice, which permits the use of affidavits and provides for the dismissal of the complaint if the facts show " that the cause of action did not accrue within the time limited by law for the commencement of an action thereon."

This is a motion to dismiss a complaint for failure to bring the action within the period of limitations fixed in the insurance policy. The policy insured a stock of pictures which were damaged by slashing on May 16, 1935. The policy provided that proofs of loss shall be filed within ninety days of the date of loss, that all adjusted claims shall be paid within sixty days of acceptance of satisfactory proof of interest and loss, and that no suit could be maintained for the recovery of any claim unless it was begun within twelve months after the calendar date of the happening of the physical loss or damage out of which the claim arose. The filing of proofs of loss was timely, and service of a summons was made on May 8, 1936. On May 21, defendant notified plaintiff it intended to contest the service, and on July 1, 1936, the service was set aside and vacated. A new summons was served on July 3, 1936, on which this action is based.

In opposing the motion, plaintiff contends that (1) the question has not been properly brought before the court for determination; (2) the service of the summons was timely; (3) the defendant has waived compliance with the period of limitation fixed in the policy.

(1) The expression " time limited by law " applies as well to periods of time prescribed by agreement of the parties as to statutory periods of limitation. (*Reiner, Inc.,* v. *Hamburg-American Line,* 145 Misc. 592; *Ferres* v. *Linea Sud-Americana, Inc.,* 149 id. 335.) The question is, therefore, properly before the court for determination, under subdivision 6 of rule 107 of the Rules of Civil Practice.

(2) The plaintiff argues that the period of limitations can only begin to run from the time when the right to maintain an action on the policy has accrued, which will be the expiration of sixty days after the acceptance of proofs of loss. The courts have so interpreted all periods of limitation which run for a certain time " after loss " or " after the loss or damage shall occur." (*Ames* v. *New York Union Ins. Co.,* 14 N. Y. 253; *Hay* v. *Star Fire Ins. Co.,* 77 id. 235; *Steen* v. *Niagara Fire Ins. Co.,* 89 id. 315.) On the other hand, limitations running from " after the fire " or " after the fire shall have occurred " have received a different construction. (Vance, Insurance [1930], § 220; 7 Couch, Cyclopedia of Insurance [1930], §§ 1631, 1632.) These limitations are held to commence

from the date of the happening of the fire itself, there being no ambiguity in the clause to warrant a different construction. (*Allen* v. *Dutchess County Mut. Ins. Co.*, 95 App. Div. 86; *King* v. *Watertown Fire Ins. Co.*, 47 Hun, 1; *Gallin* v. *Allemannia Fire Ins. Co.*, 184 App. Div. 876; affd., 230 N. Y. 547; *Hamilton* v. *Royal Ins. Co.*, 156 id. 327. See *Cooper* v. *United States Mut. Benefit Assn.*, 132 id. 334; *Savery* v. *Commercial Travelers Mut. Accident Assn.*, 238 App. Div. 189.)

No case construes the specific clause in the policy in issue. Its wording, however, is clear and its meaning is unambiguous. The period of limitations is to run from the day on which the actual destructive event takes place, and action must be begun within twelve months thereafter.

No case has been found which expressly overrules the cases construing limitations running from " after the fire." Defendant maintains that these cases are impliedly overruled by those which declare that the provisions of article 2 of the Civil Practice Act (§§ 10 *et seq.*) apply to limitations prescribed by agreement of the parties. (*Titus* v. *Poole*, 145 N. Y. 414; *Hayden* v. *Pierce*, 144 id. 512.) Section 11 of article 2 provides that the periods of limitation must be computed from the time of the accrual of a right to relief by action, and defendant urges this must govern the contract provision. This argument would be valid if the parties merely shortened the period of limitations without specifying the date from which it was to run. This date was provided for in the agreement of the parties, and the statutory provision must yield to the condition specified in the contract. Indeed, one of the cases applying a provision of article 2 to a contractual period of limitation recognizes the rule that the period of limitations runs from the date of the occurrence of the fire. (*Hamilton* v. *Royal Ins. Co.*, *supra.*) Moreover, cases arising after those which passed upon the applicability of the provisions of article 2 to contractual periods of limitation have cited the rule with approval. (*Cooper* v. *United States Mut. Benefit Assn.*, *supra; Savery* v. *Commercial Travelers Mut. Accident Assn.*, *supra.*)

(3) Plaintiff argues that defendant, waiting to complain of the ineffective service until after the period of limitations ran, has waived its right to insist upon that condition of the policy. There is no question that defendant did nothing to mislead the plaintiff, and was under no duty to take any action prior to the time it did. In these circumstances, there can be waiver or estoppel. (*Draper* v. *Oswego County Fire Relief Assn.*, 190 N. Y. 12; *Gibson Electric Co.* v. *Liverpool & London & Globe Ins. Co.*, 159 id. 418.)

For these reasons, the motion must be granted.