**OLSON MARINE SUPPLIES OF NORFOLK, Inc. et al. v. FIDELITY–PHENIX FIRE INS. CO. OF NEW YORK et al.**

Civ. 49–579.

United States District Court
S. D. New York.

Nov. 9, 1950.

Thomas P. Mesick, New York City (Herbert A. Harris, New York City, of counsel), for plaintiff.

Bigham, Englar, Jones & Houston, New York City (J. Joseph Noble, New York City, of counsel), for defendant.

CONGER, District Judge.

This is a motion by the defendant for summary judgment on the ground that the plaintiff has not instituted the suit within twelve months after the happening of the loss, as provided in the contract of insurance sued on.

The facts concerning this point are not seriously in dispute, even though the plaintiff suggests that the occurrences giving rise to the suit may not be definitely fixed in point of time without a trial.

On August 3, 1947, the defendant issued to the plaintiff an Aircraft Hull Damage Policy covering a Beechcraft Bonanza airplane, owned by the plaintiff. The policy was to remain in force until August 3, 1948.

On February 17, 1948, two pilots connected with the plaintiff company, took off in the insured aircraft from the Baltimore Municipal Airport with fuel tanks containing the capacity load of sixty gallons of gasoline. The destination of the plane had not been indicated on any flight plan filed at the airport. Nothing was heard further of the plane and within forty-eight hours it was reported missing.

On April 21, 1948 the wreckage of the plane and two bodies were found in the hills of northern New Jersey near Fayson Lakes. At that time one of the gas tanks still contained twenty gallons of gasoline.

The plaintiff commenced this suit on April 1, 1949.

Among the provisions of the policy appears the following: "Suit Against Insurer: No suit or action on this policy or for the recovery of any claim hereunder shall be sustainable in any Court of Law or Equity unless the Insured shall have fully complied with all requirements herein, nor unless commenced within 12 months next after the happening of the loss; provided that where such limitation of time is prohibited by the laws of the State wherein this policy is issued, then and in that event no suit or action under this policy shall be sustainable unless commenced within the shortest limitation permitted under the laws of such state."

I think it is reasonable to infer that this suit was not commenced " * * * within 12 months next after the happening of the loss" for the circumstances require the conclusion that the "happening of the loss" occurred on February 17, 1948 or shortly thereafter in terms of hours.

The problem arises, then, of whether the plaintiff is bound by such condition in the policy.

There appears to be at least two views on the subject. One enforces the condition absolutely while the other gives the benefit of additional terms of the policy to lessen the effect of the condition. See 7 Couch on Insurance, § 1631.

The policy also provides in the quoted portion above that no suit may be maintained unless all the requirements of the policy have been complied with. The requirements include the filing of a proof of

loss stating the place, time and cause of loss, etc. Obviously, the plaintiff could not comply with that condition before April 21, 1948.

Another term of the policy provides that the loss shall in no event become payable within 60 days after the requirements with respect to proof of loss, etc. have been fulfilled.

The resulting situation is obvious. It places the claimant in the position of being completely devoid of any right of action upon the policy because of (a) inability to file a proof of loss; or (b) the provision permitting the carrier to withhold payment for 60 days, such proof having been filed. This creates the anomaly of a limitation running upon a right of action not in existence. In effect, therefore, the limitation is only a phantasy. It has no real existence but depends upon some independent factor to give it life. That factor is a cause of action and since there was none here before April 21, 1948, at the earliest, the suit was timely brought on April 1, 1949.

Couch, supra, asserts that " * * * the weight of authority seems to support the rule that the provision is to be continued as meaning from the time when the right to maintain an action on the policy has accrued." [p. 5714] This appears to be the rule in New York. See cases cited in Couch, supra, and also Steel v. Phenix Ins. Co., 9 Cir., 51 F. 715; Jacobs v. North River Ins. Co., App. T. 1st Dept., 1935, 157 Misc. 419, 283 N.Y.S. 901; cf. Califano v. Citizens Ins. Co., 163 Misc. 542, 296 N.Y.S. 234, affirmed 252 App.Div. 731, 299 N.Y.S. 303.

It seems to me that this is a reasonable rule to apply, especially under the circumstances of this case. It is not too remote a hypothesis for a loss such as this to be undiscovered within the entire period of the limitation in the policy. A rule as sought for by the defendant would have the effect of barring a suit before a claimant could take a step under the policy.

Motion denied.

Settle order.