Robert McMahon *et al.*, Appellants, *v.* Millers National Insurance Company, Appellee.

(No. 54056;

First District—January 8, 1971.

Maurice C. McCarthy, of Chicago, (C. J. Sneed, Jr., of counsel,) for appellants.

Heineke, Schrader, Marsch & Cuncannan, of Chicago, (Paul H. Heineke, of counsel,) for appellee.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

On August 27, 1968, plaintiffs filed suit on a "homeowners" insurance policy for a loss caused by vandalism in May of 1963. The insurance policy contained a clause requiring that an action on the policy be "commenced within twelve months next after inception of the loss." Defend-

340

ant filed a motion to strike the complaint on the ground that the suit was not commenced within the time allowed by the policy. The trial court granted the motion and dismissed the cause. Plaintiffs appeal from that judgment.

Plaintiffs contend that the clause in the contract of insurance requiring suit to be brought within one year after loss is void, or, in the alternative, that it is not applicable to this case. They reach the conclusion that the clause is void by characterizing the provision as an attempt to shorten the Illinois 10-year Statute of Limitations on written contracts (Ill. Rev. Stat. 1961, ch. 83, par. 17), and is therefore contrary to public policy. Plaintiffs further argue that the clause is inapplicable because another statutory conformity provision of the contract states that "terms of the policy and forms attached hereto which are in conflict with the statutes of the State wherein the policy is issued are hereby amended to conform to such statutes." Plaintiffs maintain that if this clause does not automatically substitute the 10-year Statute of Limitations for the policy's 12-month limitation, or constitute a waiver thereof, it at least creates an ambiguity which should be resolved in their favor.

Defendant cites a long line of Illinois cases upholding the validity of one-year contractual limitations to bringing suit on policies of insurance. Defendant also contends that this policy is in mandatory conformity with the applicable state statutes. Under Ill. Rev. Stat. 1961, ch. 73, par. 1009, the Director of Insurance is charged with promulgating rules to effect uniformity in all basic fire insurance policies. (See also Ill. Rev. Stat. 1961, ch. 73, par. 1013.) Pursuant thereto, Rule 23.01 of the Regulations of the Illinois Insurance Department was adopted. This rule sets out the standard form fire insurance policy which includes the clause:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of loss."

This clause must be a part of every contract of fire insurance issued in the state.

Plaintiffs' first argument, that the 12-month limitation is void as against public policy, must fail. A long line of Illinois case law to the contrary has established that such contract provisions are valid. As early as 1861, the Illinois Supreme Court, in discussing the validity of a 12-month limitation in an insurance contract, stated:

"We do not see why parties shall not make such contracts. In case of insurance companies there are strong reasons why they should introduce such a condition into their policies, on account of the frauds

to which they are constantly exposed, and the difficulties attending its detection, and in procuring evidence to prove it in a court of justice; and the greater the lapse of time, the greater the difficulty would be. It is, therefore, a wise precaution, to limit, in the terms of their policies, the time within which actions shall be brought. It is but compelling by contract a speedy resort to the tribunals of the country, whilst the facts are fresh in the recollection of the parties and witnesses, and the proof accessible. No rule of law or principle of public policy is violated by it and the circuit court should have affirmed its validity to the jury." This proposition still expresses the law of this state. *Peoria Marine and Fire Insurance Co. v. Whitehill,* 25 Ill. 382, 392. See *Posner v. Firemen's Ins. Co.,* 49 Ill.App.2d 209; *Sterling Sav. & Loan Ass'n v. Reserve Ins. Co.,* 63 Ill.App.2d 220.

■■ The fact that Rule 23.01 of the Illinois Insurance Department required the 12-month limitation to be included in this contract further demonstrates that such a clause is not only not contrary to public policy, but, rather, is considered by the appropriate state executive officer to be necessary for the proper administration of this form of insurance contract.

■■ Plaintiff's second argument, that the 12-month limit is supplanted by Illinois' 10-year Statute of Limitations, rests on the assumption that the contract clause and the statute are in conflict. This, we believe, is not the case. In *Posner v. Firemen's Insurance Co., supra,* at 217, the court held that commencement of suit within the 12-month period was a *condition* of the policy precedent to the insurer's liability on the contract. This condition is not in conflict with the Statute of Limitations. While suit may be brought on this contract within the 10-year period allowed by the statute, it must, nevertheless, be dismissed if it appears from the face of the complaint that the insured has failed, as plaintiffs did in this case, to fulfill a condition precedent to recovery.

Plaintiff's next contention is that defendant either waived the 12-month condition or is estopped from asserting it because the conformity clause, quoted above, which amends contract provisions inconsistent with state statutes, creates an ambiguity. The ambiguity, plaintiffs argue, lies in the fact that one cannot determine whether the Statute of Limitations or Insurance Department Rules become operative via the conformity clause. As has been pointed out above, the conformity clause comes into effect only when the insurance policy and some statute are in conflict. Since we believe that the clause requiring suit to be brought within twelve months is not in conflict with the Statute of Limitations, the conformity clause is not applicable and no question of ambiguity arises. In any event, this court has held that "the general rule that ambiguous provisions are to

be construed strictly against the insurer does not apply to provisions of a policy prescribed by statute." *Midwest T. P. Works, Inc. v. Firemen's Ins. Co.,* 36 Ill.App.2d 65, 69.

The time condition in the policy can be waived by the insurer, and to avoid a forfeiture, courts do not require strong proof of a waiver. (*O'Brien v. Country Mut. Ins. Co.,* 105 Ill.App.2d 21, 24.) The facts which constitute the waiver must, however, show that it would be "unjust, inequitable, or unconscionable to allow the defense to be interposed." (*Phenix Ins. Co. v. Belt Ry. Co.,* 82 Ill.App. 265, 271.) Thus, waiver was found to exist where the insurer held out promise of settlement until the end of the 12-month period, thereby unfairly inducing the insured to believe that suit would not need to be filed within the time allowed by the contract. *Downing v. Wolverine Ins. Co.,* 62 Ill.App.2d 305, 316.

In the present case, plaintiffs waited five years before filing suit, and they have made no allegation of waiver based on conduct of defendant which unfairly precluded them from bringing suit within the twelve months allowed by the policy.

■■ The policy condition, being valid, applicable in this case, and not waived, is a proper defense to plaintiffs' suit. The judgment of the Circuit Court is affirmed.

Judgment affirmed.

STAMOS, P. J., and DRUCKER, J., concur.