ETHEL F. WILSON, Plaintiff-Appellant, v. INDIANA INSURANCE COMPANY, Defendant-Appellee.

Fourth District    No. 4—86—0376

Opinion filed December 15, 1986.

Burger, Fombelle, Baxter, Zachry & Rathbun, P.C., of Decatur (James E. Zachry, of counsel), for appellant.

John P. Ewart and Kenneth F. Werts, both of Craig & Craig, of Mattoon, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On August 30, 1984, plaintiff, Ethel F. Wilson, filed a complaint against defendant, Indiana Insurance Company, in the circuit court of Moultrie County following defendant's refusal to pay a claim under a homeowner's policy. Defendant's motion to dismiss the complaint was allowed, and plaintiff was given leave to file an amended complaint. The amended complaint was also dismissed. Plaintiff subsequently filed a second amended complaint. Defendant's motion to dismiss this complaint was allowed, and the complaint was dismissed with prejudice. Plaintiff appeals from that order of dismissal. We affirm.

Plaintiff's second amended complaint alleged that (1) plaintiff's husband (now deceased) had entered into a homeowner's insurance contract with defendant in March 1981; (2) while plaintiff was away from the home for four days in January 1983, a hot water pipe in a crawl space burst and moisture that was absorbed by insulation subsequently caused joints, beams and flooring to decay; (3) the strength and load-carrying capacity of the floor system was reduced by the de-

cay, causing "cracks in walls and separations between cabinets and walls, tubs and walls and at doors and ceiling wall joinders"; (4) plaintiff did not become aware of the damage until late November 1983; (5) the agent who had sold defendant's policy to plaintiff was notified of the deterioration on December 2, 1983; (6) plaintiff had cancelled her policy with defendant in March 1983 and had purchased a policy from Pekin Insurance Company (Pekin); (7) defendant was informed that plaintiff filed a claim with Pekin; (8) on January 23, 1984, Pekin denied coverage because the damage occurred before the Pekin policy became effective; (9) thereafter, in late January 1984, plaintiff filed a claim with defendant; (10) defendant denied the claim after an investigation; (11) because defendant was investigating the claim, plaintiff believed defendant would provide coverage under the policy; and (12) damages totalled $63,807.

Defendant moved to dismiss the second amended complaint on the grounds that (1) the complaint showed on its face that plaintiff had failed to file the lawsuit within 12 months after the "inception of the alleged loss" as required by the insurance policy; (2) the complaint showed that the right of recovery for "mold" and "wet or dry rot" was precluded by an exception in the policy; and (3) the complaint showed that the alleged cause of damage was not a peril covered by the insurance policy. The motion was allowed. The order of dismissal did not set forth the reasons for the dismissal.

The insurance policy issued by defendant states in part, "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and *unless commenced within twelve months next after inception of the loss.*" (Emphasis added.) Exclusions from coverage are also set forth, providing that the policy does not insure against loss to:

"[P]lumbing, heating or air conditioning systems or domestic appliances, or by discharge, leakage or overflow from such systems or appliances, caused by or resulting from freezing while the building covered is vacant or unoccupied unless the Insured shall have exercised due diligence with respect to maintaining heat in the building or unless such systems and appliances had been drained and the water supply shut off during such vacancy or unoccupancy."

The policy further excludes losses to the dwelling resulting from:

"[M]old; wet or dry rot; *** settling, cracking, shrinkage, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings; *** unless loss by *** water not other-

wise excluded ensues, then this policy shall cover only such ensuing loss."

We need not decide whether the provisions for exclusion from coverage under the insurance policy would necessarily preclude plaintiff's right of recovery for all the claimed damages. We conclude that plaintiff's complaint was properly dismissed because plaintiff failed to comply with the policy provision that suits on the policy must be commenced within 12 months of the inception of the loss. Plaintiff requests that we establish a rule that if the loss is discovered within a reasonable time, the time of discovery be deemed to be the time of "inception" within the meaning of policies such as that here. We decline to adopt such a rule.

Illinois case law establishes that insurance policies may validly set forth contractual limitations requiring suit to be brought within a specified period of time. (*Peoria Marine & Fire Insurance Co. v. Whitehill* (1861), 25 Ill. 382; *Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 393 N.E.2d 1223; *McMahon v. Millers National Insurance Co.* (1971), 131 Ill. App. 2d 339, 266 N.E.2d 714; see also *Stofer v. Motor Vehicle Casualty Co.* (1977), 68 Ill. 2d 361, 369, 369 N.E.2d 875, 878 ("[A limitation] term is but another provision of the standard policy, one of many that may effectively bar relief to the insured").) While no Illinois case is directly in point as to the instant case, in *Naghten v. Maryland Casualty Co.* (1964), 47 Ill. App. 2d 74, 197 N.E.2d 489, the First District noted that no court of this State had adopted a discovery rule in regard to the time limits of policies of this nature for filing suits to recover for losses covered thereby. That court cited *Sager Glove Corp. v. Aetna Insurance Co.* (7th Cir. 1963), 317 F.2d 439, which involved Illinois law. The *Sager Glove Corp.* court refused a similar request to apply a discovery rule, stating that no Illinois case had so held and that "[t]he loss occurs and has its 'inception' *whether or not the insured knows of it."* (Emphasis added.) 317 F.2d 439, 441.

We choose not to follow *Olson Marine Supplies of Norfolk, Inc. v. Fidelity-Phenix Fire Insurance Co.* (S.D.N.Y. 1950), 94 F. Supp. 726, the only case cited by plaintiff providing for a discovery rule in regard to the determination of the beginning of a statutory period for bringing an action for a loss on a similar policy.

Plaintiff further argues that defendant waived the 12-month contractual limitation by investigating the claim. However, paragraph 11 of the second amended complaint alleges that Pekin Insurance Company denied coverage because the damage in question occurred in early January 1983. Paragraph 12 of the complaint alleges that plain-

tiff furnished proof of loss to defendant in late January 1984. The complaint, therefore, indicates that defendant was not notified of the loss until the limitations period had already expired and plaintiff had lost her contractual right to file a suit. Thus, clearly plaintiff has failed to allege conduct on the part of defendant which unfairly precluded her from bringing suit within the 12 months provided for in the policy.

As indicated, we affirm.

Affirmed.

McCULLOUGH and WEBBER, JJ., concur.