THE VILLAGE OF LAKE IN THE HILLS, Plaintiff-Appellant, v. ILLINOIS EMCASCO INSURANCE COMPANY, Defendant-Appellee.

Second District   No. 2—86—0317

Opinion filed March 31, 1987.

David W. McArdle, of Zukowski, Rogers & Flood, of Crystal Lake, for appellant.

Jay S. Judge and Elizabeth A. Brown, both of Judge & Knight, Ltd., of Park Ridge, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, the village of Lake in the Hills, appeals a decision of the circuit court of McHenry County entering judgment on the pleadings for defendant and denying it leave to amend its pleadings.

Plaintiff's second amended complaint stated that lightning struck one of its pumping stations on June 7, 1980, causing damages in the amount of $35,000. At the time, the property was insured against that risk by defendant, Illinois Emcasco Insurance Company (hereinafter referred to as Emcasco). In early July 1980, Lake in the Hills' agent orally notified Emcasco's agent of the incident. Shortly thereafter, Emcasco's agent orally denied the claim. Approximately one year later, in July 1981, Lake in the Hills sent defendant's agent written notice of the claim. On August 31, 1981, Emcasco denied plaintiff's written claim. Lake in the Hills attached a copy of the insurance policy to its complaint. The policy contains a list of conditions, including the requirement that the insured give "immediate written notice" of any loss to the insurer and that the insured will bring no suit on the policy unless it first complies fully with the policy's provisions and commences suit "within one year after the loss occurs." Plaintiff's original complaint was filed on December 12, 1981. Its second amended complaint was filed on December 18, 1985. The proceedings which occurred in the interim are not relevant to this appeal.

After plaintiff filed its second amended complaint, Emcasco moved to strike and dismiss it, arguing that plaintiff had not complied with the policy provisions in that it had: (1) failed to give defendant immediate written notice of the loss; (2) failed to submit a sworn proof of loss; and (3) failed to commence suit within one year of the loss. The trial court interpreted defendant's motion as a motion for judgment on the pleadings and allowed it. Plaintiff argues that the decision was erroneous because there remain material issues of fact as to whether Emcasco waived its written notice requirement by orally denying the claim and whether Lake in the Hills reasonably complied with the requirement. In addition, plaintiff argues that the provision requiring commencement of suit within one year of the loss was not applicable to it and that the court should have granted it leave to amend its complaint.

When reviewing the dismissal of a complaint or an order granting judgment on the pleadings, an appellate court must affirm on any proper grounds raised in the motion. (*Lanno v. Naser* (1979), 79 Ill. App. 3d 1, 4; see also *Goldberg v. Goldberg* (1981), 103 Ill. App. 3d 584, 587; *Martin-Trigona v. Bloomington Federal Savings & Loan Association* (1981), 101 Ill. App. 3d 943.) Because we find that Lake in the Hills failed to commence suit within one year of the loss, we do not reach the other arguments raised by plaintiff.

Parties to a contract may validly agree to set a reasonable time limit within which a suit on the contract must be filed. (*Wilson v. Indiana Insurance Co.* (1986), 150 Ill. App. 3d 669, 672; *Steel City National Bank v. Aetna Insurance Co.* (1983), 116 Ill. App. 3d 7, 9.) Any suit filed after the contractual period has expired is barred unless the insurer has, by some conduct or representation, waived the requirement. (*Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 303.) The insured may demonstrate a waiver by showing facts from which it would appear that enforcement of the provision would be unjust or unconscionable (*O'Brien v. Country Mutual Insurance Co.* (1969), 105 Ill. App. 2d 21, 24), as where the insurer dissuades the insured from filing suit by implying that it will settle the case (*McMahon v. Millers National Insurance Co.* (1971), 131 Ill. App. 2d 339). While the insured need not produce uncontroverted proof of a waiver or estoppel (*Lee v. Ohio Casualty Insurance Co.* (1978), 58 Ill. App. 3d 1, 6), it must nevertheless show that the insurer's conduct was inconsistent with an intent to insist on compliance with the provision (*Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 304) or that the insurer's conduct unfairly induced the insured to delay filing suit (*Wilson v. Indiana Insurance Co.*

(1986), 150 Ill. App. 3d 669, 673). While waiver and estoppel are ordinarily issues for the trier of fact (*Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 307), where the complaint states no facts indicating negotiation or other conduct consistent with a waiver or estoppel, dismissal with prejudice is appropriate. *Ames v. Crown Life Insurance Co.* (1980), 85 Ill. App. 3d 203; see also *Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 303 (a complaint which affirmatively establishes a breach of policy by the plaintiff without alleging waiver is subject to dismissal).

■■ ■ Plaintiff's complaint alleged no conduct by the insurer which could reasonably have induced plaintiff to delay filing suit or which could reasonably have indicated that Emcasco would not rely on the provision. Instead, plaintiff has alleged that Emcasco denied its claim shortly after plaintiff reported it in July 1980. Emcasco took no further action with regard to the claim. An unequivocal denial of a claim is the very conduct which should induce an insured to file suit rather than dissuade it from doing so. (See *Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 304-05 (there is no waiver or estoppel where the facts indicate the insurer denied liability, leaving ample time thereafter for plaintiff to file suit and then did nothing to indicate any intent to reconsider its decision).) It is clear that Emcasco did nothing which could reasonably be interpreted as a waiver of the time limitation or which would have estopped it from relying on that provision. In addition, a court properly denies leave to amend where, as here, it is clear that the plaintiff cannot amend its complaint to cure the defect which resulted in its dismissal. See *Riley v. Singer* (1979), 75 Ill. App. 3d 1036, 1041.

■ Plaintiff contends, however, that, as a municipality, it is exempt from the time limit provision. Plaintiff relies on *City of Shelbyville v. Shelbyville Restorium, Inc.* (1983), 96 Ill. 2d 457, to support its argument. We find the case inapplicable, however, because, contrary to plaintiff's contention, *Shelbyville* did not declare a doctrine rendering municipalities immune from limitation defenses. Rather, *Shelbyville* simply determined that neither the 1970 Illinois Constitution (Ill. Const. 1970, art. XIII, sec. 4) nor any decision of the Illinois Supreme Court has abolished the common law doctrine of governmental immunity from statutes of limitation. (96 Ill. 2d 457.) The suit limitation at issue here is neither a statute of limitation nor an *ultra vires* attempt by a municipal officer to waive the municipality's immunity from the applicable statute. (*Cf. S. J. Groves & Sons, Co. v. State of Illinois* (1982), 93 Ill. 2d 397, 404-05 (by entering a contract a State agrees to be bound by its terms, but such agreement does not imply

an intention to waive its immunity from suit).) Rather, it is a contractual agreement by which plaintiff affirmatively agreed to commence suit on the policy within one year from the date of any covered loss. Plaintiff's complaint affirmatively establishes that plaintiff did not comply with that provision. We therefore conclude that the trial court properly granted Emcasco judgment on the pleadings and properly denied plaintiff's motion for leave to amend.

For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

Affirmed.

INGLIS and REINHARD, JJ., concur.