1000 CONDOMINIUM ASSOCIATION, Plaintiff-Appellant, v. CARRIER CORPORATION, d/b/a Carrier Building Services, Defendant-Appellee.

First District (5th Division)   No. 1—87—3570

Opinion filed March 10, 1989.

Leahy & Eisenberg, Ltd., of Chicago (Stephen P. Eisenberg, Daniel J. Offenbach, and Paul O. Watkiss, of counsel), for appellant.

Keck, Mahin & Cate, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, 1000 Condominium Association, appeals from an order granting judgment on the pleadings under the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615(e)) in favor of defendant, Carrier Corporation. We address the following two issues: (1) whether the contract between plaintiff and defendant provides that legal action must be filed within one year; and (2) whether the limitations provision in the contract is valid. We affirm.

Plaintiff's two-count complaint, as amended, alleged the following pertinent facts. Plaintiff and defendant entered into a contract, attached to the complaint as an exhibit, under which defendant's obligation was to inspect and maintain the refrigeration system in plaintiff's building. On December 19, 1985, the refrigeration system froze, causing extensive damage to the refrigeration equipment. Plaintiff alleged that defendant negligently maintained the system and that defendant breached an express warranty to perform its contractual obligations in a workmanlike manner. The complaint was filed on January 27, 1987.

Defendant moved to dismiss the complaint pursuant to section 2—615 (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), seeking to enforce paragraph 14 of the contract, which defendant claimed required plaintiff to file a lawsuit within one year from the date of the damage. The provision stated:

> "14. BOTH PARTIES agree that any claim arising from the performance or nonperformance of this AGREEMENT whether based upon contract, negligence, strict liability or otherwise, shall be brought within one (1) year from the date such claim arose."

Plaintiff, in its response brief to defendant's motion to dismiss, attached two letters as exhibits which plaintiff argued established that it complied with paragraph 14 by providing defendant with notice of the claim within the one-year period. The trial court did not consider the exhibits in its ruling because they were not attached to plaintiff's complaint and, therefore, not properly before the court. Additionally, plaintiff argued the term "claim" as used in paragraph 14 was ambiguous.

Although defendant filed a motion to dismiss plaintiff's complaint,

the trial court found it was in the nature of a motion for judgment on the pleadings and treated it as such. (See Ill. Rev. Stat. 1985, ch. 110, par. 2—615(e).) The trial court found that the term "claim" as used in paragraph 14 was not ambiguous and was broad enough to encompass the causes of action presented in plaintiff's complaint. Pursuant to paragraph 14 of the contract, plaintiff was required to file its complaint on or before December 19, 1986, within one year after the damage occurred. Plaintiff, however, did not file its complaint until more than one year after the damage occurred. Based on its findings, the trial court granted judgment on the pleadings in defendant's favor. Plaintiff filed a timely notice of appeal.

OPINION

■ The entry of judgment on the pleadings is proper when the trial court examines the pleadings on file, accepts all well-pled facts and reasonable inferences in favor of the nonmovant, and determines that the issues raised present only questions of law. (*Triangle Sign Co. v. Weber, Cohn & Riley* (1986), 149 Ill. App. 3d 839, 501 N.E.2d 315.) The determination of whether contract language is ambiguous is a question of law (*Srivastava v. Russell's Barbecue, Inc.* (1988), 168 Ill. App. 3d 726, 523 N.E.2d 30) and, therefore, a proper issue for judgment on the pleadings. In reviewing an order granting judgment on the pleadings, an appellate court must affirm the order if there were any proper grounds raised in the motion. *Village of Lake in the Hills v. Illinois Emcasco Insurance Co.* (1987), 153 Ill. App. 3d 815, 506 N.E.2d 681.

■ The parties' disagreement as to the meaning of contract language does not create an ambiguity. (*Zurich Midwest, Inc. v. St. Paul Fire & Marine Insurance Co.* (1987), 159 Ill. App. 3d 961, 513 N.E.2d 59.) Language is ambiguous when it is capable of being understood in more than one sense. (*Joseph v. Lake Michigan Mortgage Co.* (1982), 106 Ill. App. 3d 988, 436 N.E.2d 663.) When contract language is unambiguous, it should be given its natural and ordinary meaning (*Reynolds v. Coleman* (1988), 173 Ill. App. 3d 585, 527 N.E.2d 897) without resorting to rules of construction (*P.A. Bergner & Co. v. Lloyds Jewelers, Inc.* (1986), 112 Ill. 2d 196, 492 N.E.2d 1288). A contract should be examined as a whole and each provision should be given meaning and effect. *Srivastava v. Russell's Barbecue, Inc.* (1988), 168 Ill. App. 3d 726, 523 N.E.2d 30.

■ On appeal, plaintiff contends the term "claim" is ambiguous and argues a rule of construction should be applied which requires the interpretation of the term be resolved against defendant, who pre-

pared the contract. Plaintiff equates the term with notice and defendant argues the term includes cause of action, as the trial court ruled.

Neither party can cite to, and our research has not disclosed, conclusive authority as to the definition of the term "claim" as used in contractual limitations provisions. However, Black's Law Dictionary defines "claim" as a cause of action. See Black's Law Dictionary 224 (5th ed. 1979).

Plaintiff urges this court to focus on two other provisions of the contract which plaintiff argues establish that the term "claim," as used in the contract, is distinguished from a cause of action. These provisions stated:

> "11. WARRANTY: CARRIER guarantees that all labor provided under this AGREEMENT shall be performed in a workmanlike manner. No claim for defective workmanship may be brought upon any cause of action, however, unless CUSTOMER has provided CARRIER with written notice of such defect prior to the termination date of this AGREEMENT."

> 13. CARRIER'S MAXIMUM LIABILITY based upon any claim or cause of action (except for personal injury) shall not exceed the yearly contract price of this AGREEMENT."

The language of paragraph 11 reveals the term "claim" is not the equivalent of "notice" because notice must be given before a claim can be brought. Paragraph 13, on the other hand, uses the phrase "claim or cause of action," which plaintiff argues establishes that the two terms should be given different meanings. We are not persuaded by plaintiff's argument.

It is clear that the term "claim" cannot mean "notice" as used in paragraph 11. Paragraph 13 states "claim or cause of action," but paragraph 14 states only "claim." Paragraph 14, however, clearly states a claim can be based on contract, negligence, or strict liability, which are causes of action. After reviewing the provisions together, we believe the term "claim" is a broad term which includes cause of action. As a result, paragraph 14 required plaintiff to bring his cause of action within one year from when the damage occurred.

■ Alternatively, plaintiff argues that the language used in paragraph 14 is insufficient to create a contractual limitations period. Under Illinois law, a contractual provision that limits the time within which to file a lawsuit is enforceable. (*Village of Lake in the Hills v. Illinois Emcasco Insurance Co.* (1987), 153 Ill. App. 3d 815, 506 N.E.2d 681.) Plaintiff, however, argues that *Buchalo v. Country Mutual Insurance Co.* (1980), 83 Ill. App. 3d 1040, 404 N.E.2d 473, requires that such a provision must use words such as "suit" or

"action." The court in *Buchalo* did not address the issue of whether specific language must be incorporated in a contract limitations provision, and, therefore, plaintiff's reliance on that case is misplaced.

■ Lastly, we note the trial court properly disregarded the letters plaintiff attached as exhibits to its response to defendant's motion to dismiss. Only pleadings can be considered in determining whether judgment on the pleadings should be granted (*Seefeldt v. Millikin National Bank* (1985), 137 Ill. App. 3d 841, 485 N.E.2d 30), and in this case the only pleading on file was plaintiff's complaint, which included only the contract as an exhibit.

We find the contract language was unambiguous and the trial court's entry of judgment on the pleadings in favor of defendant was proper.

Judgment affirmed.

MURRAY, P.J., and PINCHAM, J., concur.