SCOTT E. WILLIAMS, Plaintiff-Appellant, v. PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant-Appellee.

Second District   No. 2—91—0321

Opinion filed January 15, 1992.

H. Kent Heller and Brian R. Keeley, both of H. Kent Heller & Associates, P.C., of Naperville, for appellant.

Kathryn L. Krueger, Daniel J. Leahy, and Stephen P. Eisenberg, all of Leahy, Eisenberg & Fraenkel, Ltd., of Chicago, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Scott E. Williams, appeals from the order of the trial court which granted summary judgment to defendant, Prudential Property and Casualty Insurance Company. The issue on appeal is

whether plaintiff complied with the filing limitation provision in his Prudential homeowner's insurance contract. We have jurisdiction pursuant to Supreme Court Rule 303(a) (134 Ill. 2d R. 303(a)). Plaintiff invokes section 13—211 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—211) and argues that his incarceration in prison, part of which was on a work-release arrangement, tolled the filing limitation provision of the policy. Plaintiff also argues that defendant waived the limitation provision by waiting more than one year from the date of plaintiff's claims to deny the claims. We affirm.

On October 13, 1989, plaintiff filed a complaint against defendant insurance company alleging that defendant had breached plaintiff's homeowner's insurance contract by failing to cover property damage losses sustained by plaintiff on four separate occasions. Plaintiff claimed that defendant denied his four "theft of personal property" claims arising from thefts occurring on July 11, 1986; December 4, 1986; December 14, 1986; and January 15, 1987. The thefts occurred at plaintiff's various claimed residences and his place of business. Plaintiff claimed that more than $42,000 in personal property was taken, including such items as eight car engines and transmissions, a two-ton hydraulic jack, eight car stereos with matching speakers, various tires and wheels, various hand and power tools, musical instruments and recording equipment, a washer and dryer, bicycles, various household appliances, televisions, two water beds, a lawn tractor and artwork.

Defendant denied plaintiff's claims for coverage in four separate letters, all of which were attached to plaintiff's complaint. The first, dated March 25, 1987, granted partial reimbursement for the alleged loss occurring on July 11, 1986. While the letter denied coverage for 18 allegedly stolen items, the letter indicates that defendant granted reimbursement for part of plaintiff's alleged loss since a check in the amount of $5,718 was apparently issued to plaintiff. In three separate letters, each dated August 18, 1988, defendant denied coverage for plaintiff's claims of $14,709 for the alleged loss occurring on December 4, 1986; $14,726 for the alleged loss occurring on December 14, 1986; and $10,556 for the alleged loss occurring on January 15, 1987.

The relevant provision in plaintiff's insurance contract regarding lawsuits by the insured against defendant provides:

"8. Suit Against Us. No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the occurrence causing loss or damage.

However, this one year period is extended by the number of days between the date proof of loss is submitted and the date the claim is denied in whole or in part."

The last sentence in the above provision is based on and in compliance with section 143.1 of the Illinois Insurance Code (Ill. Rev. Stat. 1987, ch. 73, par. 755.1).

Thus, plaintiff filed his complaint in October 1989 nearly 14 months after defendant's denial of the last three of the four claims and over 2½ years after defendant's denial of the first claim. The relevant dates in this case are summarized below:

Relevant Dates Regarding
Plaintiff's Claimed Losses Under Homeowner's Insurance Policy

| Alleged Loss | Proof of Loss | Amount Claimed | Coverage Denied | Suit Filing Period Expired | Suit Filed |
|---|---|---|---|---|---|
| 1. 07/11/86 | 07/11/86 | ** | 03/25/87 | 03/24/88 | 10/13/89 |
| 2. 12/04/86 | 12/14/87 | $14,709 | 08/18/88 | 12/04/87 | 10/13/89 |
| 3. 12/14/86 | 12/14/87 | $14,726 | 08/18/88 | 08/18/88 | 10/13/89 |
| 4. 01/15/87 | 12/14/87 | $10,556 | 08/18/88 | 09/19/88 | 10/13/89 |

** = unknown

On January 11, 1990, defendant filed an answer to the complaint and a motion for summary judgment. Defendant argued that plaintiff failed to file his lawsuit in a timely manner, citing the above paragraph of the insurance contract. On March 9, 1990, the trial judge heard arguments on defendant's motion. The trial judge granted defendant's motion for summary judgment and allowed plaintiff leave to file an amended complaint. Plaintiff's second amended complaint was filed June 4, 1990, and was distinct from his original complaint only insofar as it alleged "[t]hat from November 30, 1986 to November 30, 1988, Plaintiff was incarcerated by the Illinois Department of Corrections on a criminal charge." Plaintiff asserted in his second amended complaint that he could file suit against defendant regarding the insurance contract anytime within two years after his "disability" or imprisonment was removed, pursuant to section 13—211 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—211).

On June 26, 1990, defendant answered plaintiff's second amended complaint and again filed a motion for summary judgment. Defendant argued that section 13—211 had no relevance to the insurance contract at issue. On July 26, 1990, the trial judge denied defendant's

motion without prejudice to a similar motion if subsequently discovered facts should warrant.

Defendant deposed plaintiff on November 30, 1990, at the Menard Correctional Center in Menard, Illinois. At his deposition, plaintiff testified that pursuant to a work-release program, he was not imprisoned weekdays from 6 a.m. until 11:30 p.m. from April 1988 to November 1988. He stated that he lived at his mother's house in Lombard, Illinois, and his home in Lisle, Illinois, on weekends from July 1988 to November 1988. Plaintiff also stated that he was living in Lombard in the spring of 1987.

Based on the new facts obtained at plaintiff's deposition, defendant filed a third motion for summary judgment. Defendant again argued that plaintiff failed to timely file his action under the insurance contract provisions and further argued that section 13—211 did not apply, particularly in light of plaintiff's deposition testimony. Plaintiff attached an affidavit to his answer to defendant's motion stating that he was convicted of a felony and sentenced to 4½ years' incarceration at the Department of Corrections on November 30, 1986. The trial judge heard oral arguments and granted defendant's motion for summary judgment on February 13, 1991, based on plaintiff's untimely filing of his complaint. Plaintiff filed a timely notice of appeal.

Plaintiff contends that the trial judge erred in granting defendant's motion for summary judgment (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005). Summary judgment is proper where there is no genuine issue of material fact and judgment may be granted as a matter of law. (*Mitchell v. Jewel Food Stores* (1990), 142 Ill. 2d 152, 165.) The court must construe all pleadings, depositions, affidavits and admissions strictly against the movant. (*Mitchell*, 142 Ill. 2d at 165.) Where other facts are not in dispute, construing a contract as a matter of law may be suitable for summary judgment. (*National Underground Construction Co. v. E.A. Cox Co.* (1991), 216 Ill. App. 3d 130, 134.) To withstand a motion for summary judgment, the nonmoving party must present some factual basis that arguably may entitle him to judgment. (*Harkins v. System Parking, Inc.* (1989), 186 Ill. App. 3d 869, 872; see *Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380-81.) "Here, then, our function is to determine whether the trial court correctly found that no genuine issue of material fact existed and also to determine whether judgment was correctly entered for the moving party as a matter of law." *Zale Construction Co. v. Hoffman* (1986), 145 Ill. App. 3d 235, 241; Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).

■ We first address plaintiff's contention that section 13—211 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—

211) provides support for his argument that his imprisonment, part of which was on a work-release arrangement, tolled the filing limitation provision of the homeowner's policy. Section 13—211 provides, in pertinent part:

> "If the person entitled to bring an action, specified in Sections 13—201 through 13—210 of this Act, at the time the cause of action accrued, *** is imprisoned on a criminal charge *** then he or she may bring the action within 2 years after *** the person ceases to be imprisoned." Ill. Rev. Stat. 1987, ch. 110, par. 13—211.

We note that while both parties present arguments as to the applicability of the 1985 version of section 13—211 (Ill. Rev. Stat. 1985, ch. 110, par. 13—211) to this case, we find that the 1987 version (Ill. Rev. Stat. 1987, ch. 110, par. 13—211) applies since the activating law for the latter provides that "[t]his Act *** is applicable to all cases filed on and after January 1, 1988" (Pub. Act 85—18, §2, eff. January 1, 1988). Plaintiff filed suit in October 1989, so the 1987 version plainly applies. There was little change in the substance of section 13—211 between the 1985 and 1987 versions, so we will accept the parties' arguments as directed to the 1987 version.

The primary rule of statutory construction is that the intention of the legislature should be ascertained and given effect. (*People v. Bryant* (1989), 128 Ill. 2d 448, 454-55.) "When doing so, the language of the statute must be given its plain and ordinary meaning. [Citation.] Thus, one must first look to the language of the statute itself, because the statutory language best indicates the drafters' intent." (*Bryant*, 128 Ill. 2d at 455.) In determining legislative intent, the court should consider the entire statute, the evil to be remedied and the object to be attained. (*City of Decatur v. American Federation of State, County & Municipal Employees, Local 268* (1988), 122 Ill. 2d 353, 364.) We will examine section 13—211 in light of the above rules of statutory construction.

■ We do not accept plaintiff's interpretation of how section 13—211 applies to the facts of this case. Nor do we accept plaintiff's circuitous method, which refers to various sections of the criminal code, for defining "imprisonment" as the term is used in section 13—211. Plaintiff argues that he was incarcerated within the Department of Corrections at the time that his cause of action in each of his four claims accrued and thus came under the two-year extension provided in section 13—211. However, by submitting little more than a personal affidavit alleging his 4½-year sentence which began in November 1986 and a limited work-release arrangement in 1988, plaintiff has

failed to substantiate adequately his claim of imprisonment. As the trial judge noted, had plaintiff submitted a copy of the original sentencing order and a copy of his work-release order in opposition to defendant's motion for summary judgment, the result may have been different. Furthermore, plaintiff's affidavit and claim of "imprisonment," as the word is used in section 13—211, is undercut by his earlier deposition testimony that he was on a liberal work-release program from April 1988 to November 1988 and in fact lived at his mother's residence or his home on weekends from July 1988 to November 1988. (See *Albright v. Parr* (1984), 126 Ill. App. 3d 464, 468 (in a summary judgment proceeding, plaintiff's admissions in depositions cannot be contradicted by his subsequent affidavit).) We conclude that plaintiff has failed to present a factual basis that would arguably entitle him to judgment.

We do not believe the legislature intended for section 13—211 to apply to cases such as this one where plaintiff was physically imprisoned for 6½ hours a day during weekdays, with the remaining 17½ hours each weekday and weekends spent on a liberal release arrangement. Surely the legislature intended section 13—211 to apply to a "full-time" prisoner who has "restricted access to the judicial system due to [his] confinement." (*Hardin v. Straub* (1989), 490 U.S. 536, 541, 104 L. Ed. 2d 582, 590, 109 S. Ct. 1998, 2002 (construing a similar Michigan statute of limitations); see *Scott v. Archer-Daniels-Midland Co.* (1990), 194 Ill. App. 3d 510, 515 (trial court properly dismissed action because plaintiff was not incarcerated at the time his cause of action accrued, section 13—211 did not apply, and plaintiff's suit was therefore not timely filed).) We therefore conclude that section 13—211 does not apply to this particular case.

Cases cited by plaintiff are inapposite. Both *Halper v. Vayo* (1991), 210 Ill. App. 3d 81, and *Wilbon v. D.F. Bast Co.* (1978), 73 Ill. 2d 58, focus on statutes of limitation as they apply to minors, not imprisoned people.

■ Plaintiff's second argument as to why his lawsuit was timely filed is that "defendant waived the limitation period provision of the insurance policy by waiting more than one year from the date of the plaintiff's claims to deny those claims." We agree with defendant that plaintiff's waiver argument is meritless and improperly raised.

Plaintiff's argument is premised on a basic misunderstanding of the tolling feature within the filing limitations provision of his homeowner's insurance policy. Plaintiff argues that "[t]he issue is whether the defendant waived its own contractual statute of limitations period by denying the plaintiff's claims in a manner such that the statute of

limitations period had already run before the claims were denied." The insurance contract here contains a tolling clause which tolls or temporarily suspends the one-year filing period as soon as the insured provides proof of the loss to the insurer and until the insurer denies the claim, in whole or in part. There is no way, as defendant argues, that the one-year filing period could expire before the claims were denied—unless the one-year period expired before the insured even submitted a proof of loss to the insurer. We note, parenthetically, that this is exactly what occurred with plaintiff's second claim for a loss occurring on December 4, 1986. Plaintiff did not submit a proof of loss on that claim until December 14, 1987, more than one year after the date of loss, foreclosing any possibility of a lawsuit on that claim. We conclude that plaintiff's argument that defendant waived the filing limitation period is without merit.

Again, cases cited by plaintiff are inapposite to our conclusion. In fact, the result in both *Vole v. Atlanta International Insurance Co.* (1988), 172 Ill. App. 3d 480, and *Davis v. Allstate Insurance Co.* (1986), 147 Ill. App. 3d 581, was that the trial court's finding that the insured had not complied with the one-year filing time requirement was affirmed by the appellate court. The same result applies here.

Defendant also argues that plaintiff's waiver argument was improperly raised since plaintiff's second amended complaint does not include any allegations of waiver or even allege circumstances that would appear to indicate that defendant waived the filing time provision. We agree.

Defendant correctly notes that this court has held that "[a]ny suit filed after the contractual period has expired is barred unless the insurer has, by some conduct or representation, waived the requirement." (*Village of Lake in the Hills v. Illinois Emcasco Insurance Co.* (1987), 153 Ill. App. 3d 815, 817.) In that case, this court stated:

"The insured may demonstrate a waiver by showing facts from which it would appear that enforcement of the provision would be unjust or unconscionable [citation], as where the insurer dissuades the insured from filing suit by implying that it will settle the case [citation]. While the insured need not produce uncontroverted proof of a waiver or estoppel [citation], it must nevertheless show that the insurer's conduct was inconsistent with an intent to insist on compliance with the provision [citation] or that the insurer's conduct unfairly induced the insured to delay filing suit." *Village of Lake in the Hills*, 153 Ill. App. 3d at 817.

We find no facts alleged by plaintiff that support his contention that defendant waived the filing time provision of plaintiff's homeowner's insurance policy.

For the foregoing reasons, the judgment of the circuit court which granted summary judgment to defendant is affirmed.

Affirmed.

UNVERZAGT and McLAREN, JJ., concur.