AFFILIATED FM INSURANCE COMPANY, Plaintiff–Appellee,

v.

BOARD OF EDUCATION OF the CITY OF CHICAGO, Defendant–Appellant.

No. 93–2786.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 23, 1994.

Decided May 12, 1994.

Rehearing Denied June 7, 1994.

John W. Morrison, Altheimer & Gray; Daniel J. Leahy, Leahy, Eisenberg & Fraenkel, Chicago, IL, and Franklin M. Sachs (argued), Rebecca Levy Sachs, Marianne C. Tolomeo, and Henry J. Catenacci, Podvey, Sachs, Meanor, Catenacci, Hildner & Cocoziello, Newark, NJ, for plaintiff-appellee.

Thomas R. Meites (argued), Joan H. Burger, Lynn S. Frackman, Laurie A. Wardell, Bonnie L. Beck–Fries, Meites, Frackman, Mulder & Burger; Mitchell Ware, Andrea M. Buford, R. Delacy Peters, Jr., Gerald D. Zansitis, Jones, Ware & Grenard; and Iris E. Sholder, John L. Wren, Karen Gatsis Anderson, and Michael J. Hernandez, City of Chicago Bd. of Educ., Chicago, IL, for defendant-appellant.

Before FAIRCHILD, CUMMINGS and BAUER, Circuit Judges.

CUMMINGS, Circuit Judge.

Plaintiff Affiliated FM Insurance Company of Rhode Island ("Affiliated") sued the Chicago Board of Education ("Board") in a declaratory judgment action to determine whether a claim previously filed by the Board was barred because it did not commence suit within 12 months of a loss. The district court, sitting in diversity, held that the Board was not immune from complying with the condition of the policies requiring commencement of suit within that period and therefore granted Affiliated's motion for summary judgment.

## Facts

The Board claims that Affiliated should indemnify it for its asbestos removal and maintenance costs under four insurance policies in effect from 1978 to 1990 and providing coverage to the Board for all risks of physical damage to insured property. The Board's claim covers 600 of its facilities, constructed between 1946 and 1972, that contain asbestos materials.

The policies insured the risk of direct physical loss to the Board's properties incurred during each policy period, but they contained contractual provisions requiring that the insured give prompt notice of loss, and that any suit must be filed within 12 months of the occurrence of any loss. The Board did not give notice of the alleged loss until September 4, 1990, and did not file suit prior to Affiliated's bringing this declaratory judgment action. Affiliated claims that the Board was aware of asbestos hazards in its schools as early as 1978, and had sustained many of the losses for which it now claims compensation throughout the 1980s.

The magistrate judge held, and the district court agreed, that the Board had knowledge of the asbestos problem by May 1989 at the very latest, when a review [1] conducted by the

---

1. The parties denominate the document reporting this conclusion as the AHERA Report be-

Board indicated that the cost of asbestos abatement in the Board's schools would exceed $500,000,000. On September 4, 1990, one and one-half years later, the Board first gave notice to Affiliated of a claim for coverage under the four property damage policies.

Affiliated denied the claim on October 17, 1990, due in part to the insured's failure to comply with the requirement in the policies that any suit had to be filed within 12 months of the loss and also because prompt notice of loss was not given.[2] At the same time, Affiliated filed this action for a declaration that the costs incurred by the Board in removing and abating asbestos from its facilities were not covered. The Board answered and counterclaimed, alleging that Affiliated's denial was made in bad faith. Dispositive motions were referred to Magistrate Guzman in November 1991.

The magistrate recommended that the Board's claim that Affiliated's denial was made in bad faith be dismissed except for the Board's claim for attorney's fees and costs and damages up to $25,000. Subsequently Affiliated filed a motion for summary judgment and the magistrate found that the 12–month suit limitation provisions of the policies had been breached by the Board. However, he recommended that the district court deny summary judgment on the ground that the Board was immune from limitations under *Board of Education of City of Chicago v. A, C and S, Inc.*, 131 Ill.2d 428, 137 Ill.Dec. 635, 546 N.E.2d 580 (1989), which dealt with a statute of limitations rather than a contractual provision in the policies themselves.

After objections to the magistrate's recommendation were made, the district court issued an opinion rejecting the Board's claim of immunity from the contractual limitations provision and granted Affiliated summary judgment because of the Board's failure to file suit in the 12–month period provided under the terms of each policy. The court did not reach the question whether the

Board had given Affiliated the requisite prompt notice of the claim. Subsequently the district court dismissed the Board's bad faith claims on the ground that its summary judgment in Affiliated's favor was based on no coverage.

*Contractual limitations bar*

Here no suit was instituted by May 1990 although the Board discovered the loss at the latest by May 1989. Consequently the Board concedes that the 12–month contractual suit limitations provisions were breached[3] unless the Board was immune from its provisions as a public entity. To avoid the limitations defense, the Board insists that it is immune from the contractual provision under the doctrine of *nullum tempus occurrit regis* ("time does not run against the king"). However, Illinois precedent has established that municipalities may bind themselves to suit initiation limitations by contract. *Village of Lake in the Hills v. Illinois Emcasco Ins. Co.*, 153 Ill.App.3d 815, 106 Ill.Dec. 881, 506 N.E.2d 681 (2d Dist.1987), leave to appeal denied, 116 Ill.2d 560, 113 Ill.Dec. 319, 515 N.E.2d 128 (1987). The parties inform us that this reasoning was followed by the Circuit Court of Cook County which recently held that several Boards of Education were not immune from contractual suit initiation provisions. *Home v. Evanston Township H.S. Dist. No. 202*, No. 92 CH 11144; *Continental v. Township H.S. Dist. No. 214*, No. 93 CH 01703; *Aetna v. Community Consol. School Dist. No. 21*, No. 93 CH 3200, consolidated with No. 93 CH 5642; *Community Consol. School Dist. No. 15 v. Centennial*, No. 93 CH 08069; *Northfield Township H.S. Dist. No. 225 v. Ins. Co. of North America*, No. 93 CH 017143; *Consol. H.S. Dist. No. 230 v. Ins. Co. of North America*, No. 93 CH 07976; *Board of Education of Township H.S. Dist. No. 211 v. International Ins. Co.*, No. 93 CH 000771; *Board of Education of Main*

---

cause it was required by the Asbestos Hazard Emergency Response Act (15 U.S.C. § 2641 *et seq.*).

**2.** The four policies respectively required "immediate notice" of loss, notice "as soon as practicable," and reporting the loss "promptly" (SA 6–7).

**3.** *See Naghten v. Maryland Casualty Co.*, 47 Ill. App.2d 74, 197 N.E.2d 489 (1st Dist.1964).

*Township H.S. Dist. No. 207 v. International Ins. Co.,* No. 93 CH 6766.

■ *Board of Education of City of Chicago v. A, C and S, Inc.,* 131 Ill.2d 428, 137 Ill.Dec. 635, 546 N.E.2d 580 (1989), is not to the contrary because it involved a statute of limitations rather than contractual terms, and the Illinois Supreme Court has acknowledged that public entities are not immune from performing contractual obligations. *Wall v. Chicago Park Dist.,* 378 Ill. 81, 37 N.E.2d 752 (1941). It has long been settled that it is appropriate for suit limitations to be contained in insurance policies. *Peoria Marine and Fire Ins. Co. v. Whitehall,* 25 Ill. 382, 392 (1861); *Schoonover v. American Family Ins. Co.,* 214 Ill.App.3d 33, 157 Ill. Dec. 794, 572 N.E.2d 1258 (4th Dist.1991), leave to appeal denied, 141 Ill.2d 560, 162 Ill.Dec. 508, 580 N.E.2d 134; *McMahon v. Millers National Ins. Co.,* 131 Ill.App.2d 339, 266 N.E.2d 714 (1st Dist.1971); *see also Koclanakis v. Merrimack Mut. Fire Ins. Co.,* 899 F.2d 673, 675 (7th Cir.1990) (following Illinois law). The insurance contracts at issue here conditioned the Board's right to receive recovery on its agreement to bring any suit for benefits within 12 months. Without such a limitation, Affiliated would obviously have demanded a higher premium and set other conditions in the policy. Under Illinois law, the district court properly held that the limitations clauses in the policies entitled Affiliated to judgment.

Since the Board breached the contractual 12–month period for bringing suit, it is unnecessary to consider whether it is also barred for failure to give the prompt notice of loss required by the policies.

*Certification to the Illinois Supreme Court*

In a motion for certification, the Board has asked us to certify the following question to the Illinois Supreme Court:

> Whether appellant Chicago Board of Education as a public entity enforcing public rights is immune under the doctrine of *nullum tempus* from suit limitations provisions in its property insurance policies

when seeking to recover for asbestos-related property damage.

However, cases cited above have convinced us that Illinois law is settled that an insured is not immune from policy provisions requiring institution of suit within 12 months of loss.[4] Therefore certification would be inappropriate and probably unsuccessful as we have seen in recent instances where certification has been denied. *See, e.g., Todd v. Societe BIC, S.A.,* 9 F.3d 1216 (7th Cir.1993) (en banc) (certifying questions of state law to the Illinois Supreme Court), 21 F.3d 1402 (7th Cir.1994) (en banc) (deciding issues after certification was denied).

Judgment affirmed.

---

4. While the Board also asked us to certify two questions concerning notice under the policies, we have not decided this case on lack of notice and therefore there is no reason to certify those questions.