PIKELAND COMMUNITY UNIT SCHOOL DISTRICT No. 124, Plaintiff-Appellant, v. INDIANA INSURANCE COMPANY *et al.*, Defendants-Appellees.

Fourth District    No. 4—94—0659

Argued February 16, 1995.—Opinion filed March 3, 1995.

Thomas R. Meites, Lynn Sara Frackman, and Paul W. Mollica (argued), all of Meites, Frackman, Mulder & Burger, of Chicago, and James A. Rapp, of Hutmacher, Rapp & Ortbal, P.C., of Quincy, for appellant.

Robert C. Johnson (argued), William T. Barker, and Steven M. Levy, all of Sonnenschein, Nath & Rosenthal, of Chicago, and Stephen C. Mudge, of Reed, Armstrong, Gorman, Coffey, Thomson, Gilbert & Mudge, of Edwardsville, for appellee Country Mutual Insurance Company.

Henry R. Daar, Peter E. Kanaris (argued), and Lawrence D. Mason, all of Kostow & Daar, P.C., of Chicago, for appellee Employers Insurance of Wausau.

James T. Ferrini, Richard A. Buchanan, Michael L. Foran, and Mark J. Seplak (argued), all of Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago, for other appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Pikeland Community Unit School District No. 124 (Pikeland) filed suit seeking a declaration of coverage and a monetary

award for losses suffered from asbestos-related property damage. The losses occurred over a period of years, from 1975 to 1990. Five insurance companies (Insurers) provided property damage coverage at different times during that period: Indiana Insurance Company (Indiana), Country Mutual Insurance Company (Country Mutual), Millers Mutual Insurance Company, Royal Globe Insurance Company, and Employers Insurance of Wausau. The insurance policies provided nearly identical time limitation provisions. (Millers Mutual and Royal Globe dispute the existence of the policies allegedly issued by them, but the parties stipulated that, if the policies exist, they contain terms and provisions as discussed herein.) They required Pikeland to provide immediate written notice of any loss, submission of a sworn proof of loss within 60 days after the loss, and commencement of any action to recover under the policies within one year (Indiana's policy allowed two years) of loss. Pikeland filed notices and proofs of loss with the insurance companies. It is undisputed that the filings were not timely made pursuant to the contractual requirements, and the filings were made up to 18 years after the relevant deadline in the contract. The Insurers refused coverage for the claims, and Pikeland filed this suit. The initiation of the suit does not comply with the relevant time requirements in the insurance contracts. The Insurers filed a motion to dismiss on the grounds of untimely notice and suit initiation. Pikeland responded that it was entitled to immunity from the limitations periods under the doctrine of *nullum tempus*. In addition, Pikeland argued that the addition of an endorsement to Country Mutual's policy cancelled the relevant notice and suit limitation provisions. The trial court held that the doctrine of *nullum tempus* did not apply to the contractual limitations period and the endorsement to Country Mutual's policies incorporated the relevant limitations provisions. Pikeland now appeals, claiming the trial court's holdings were in error.

Identical factual and legal issues were present in a fifth district case, *Bond County Community School District No. 2 v. Indiana Insurance Co.* (1995), 269 Ill. App. 3d 488. The opinion in that case affirmed the trial court's dismissal of the plaintiff's complaint. The opinion contains a careful analysis of the facts and the law. We adopt that analysis and the conclusions of that court. The trial court order was correct.

Affirmed.

KNECHT, P.J., and GREEN, J., concur.