EVERGREEN PARK SCHOOL DISTRICT No. 124, Plaintiff-Appellant, v. FEDERAL INSURANCE COMPANY *et al.*, Defendants-Appellees.—COMMUNITY CONSOLIDATED SCHOOL DISTRICT No. 15, Plaintiff-Appellant, v. ATLANTIC MUTUAL INSURANCE COMPANY *et al.*, Defendants-Appellees.—OAK PARK-RIVER FOREST SCHOOL DISTRICT No. 200, Plaintiff-Appellant, v. INSURANCE COMPANY OF NORTH AMERICA *et al.*, Defendants-Appellees.—HOME INSURANCE COMPANY OF ILLINOIS *et al.*, Plaintiffs-Appellees and Counterdefendants-Appellees, v. EVANSTON TOWNSHIP DISTRICT No. 202, Defendant-Appellant and Counterplaintiff-Appellant.—CONTINENTAL INSURANCE COMPANIES *et al.*, Plaintiffs-Appellees and Counterdefendants-Appellees, v. NORTHWEST TOWNSHIP HIGH SCHOOL DISTRICT No. 214, Defendant-Appellant and Counterplaintiff-Appellant (General Accident Insurance Company, Counterdefendant-Appellee).—NORTHFIELD TOWNSHIP HIGH SCHOOL DISTRICT No. 225, Plaintiff-Appellant, v. INSURANCE COMPANY OF NORTH AMERICA *et al.*, Defendants-Appellees.—CONSOLIDATED HIGH SCHOOL DISTRICT No. 230, Plaintiff-Appellant, v. INSURANCE COMPANY OF NORTH AMERICA *et al.*, Defendants-Appellees.—AETNA CASUALTY AND SURETY COMPANY OF ILLINOIS *et al.*, Plaintiffs-Appellees and Counterdefendants-Appellees, v. COMMUNITY CONSOLIDATED SCHOOL DISTRICT No. 21, Defendant-Appellant and Counterplaintiff-Appellant (American Motorists Insurance Company *et al.*, Counterdefendants-Appellees).—COMMUNITY CONSOLIDATED SCHOOL DISTRICT No. 15, Plaintiff-Appellant, v. ATLANTIC MUTUAL INSURANCE COMPANY *et al.*, Defendants-Appellees.—CONTINENTAL INSURANCE COMPANIES *et al.*, Plaintiffs-Appellees and Counterdefendants-Appellees, v. NORTHWEST TOWNSHIP HIGH SCHOOL DISTRICT No. 214, Defendant-Appellant and Counterplaintiff-Appellant (General Accident Insurance Company, Counterdefendant-Appellee).—CONSOLIDATED HIGH SCHOOL DISTRICT No. 230, Plaintiff-Appellant, v. INSURANCE COMPANY OF NORTH AMERICA *et al.*, Defendants-Appellees.

First District (6th Division) Nos. 1—94—1799 through 1—94—1805, 1—94—1807, 1—94—3645, 1—94—3646, 1—94—3911 cons.

Opinion filed November 22, 1995.

Meites, Frackman & Mulder, of Chicago (Thomas R. Meites, Lynn Sara Frackman, and Paul W. Mollica, of counsel), for appellants.

Clausen, Miller, P.C. (James T. Ferrini, Richard A. Buchanan, Michael L. Foran, and Mark Seplak, of counsel), Kostow & Daar (Henry R. Daar, Peter E. Kanaris, and Lawrence D. Mason, of counsel), Robins, Kaplan, Miller & Ciresi (Mark S. Grotofeld and Charles L. Philbrick, of counsel), Leahy, Eisenberg & Fraenkel, Ltd. (Daniel J. Leahy and Ronald A. Strohm, of counsel), and Sonnenschein, Nath & Rosenthal (Robert C. Johnson, William T. Barker, and Steven M. Levy, of counsel), all of Chicago, William Koziol, of Long Grove, John R. Wienold & Associates, Ltd., of Aurora (Deborah J. Allen, of counsel), Robins, Kaplan, Miller & Ciresi, of Boston, Massachusetts (Alan R. Miller, of counsel), Zelle & Larson, of Minneapolis, Minnesota (Patricia St. Peter and Joseph P. Pozen, of counsel), and Morrison, Mahoney & Miller, of Southfield, Michigan (Susan Tukel, of counsel), for appellees.

JUSTICE RAKOWSKI delivered the opinion of the court:

This consolidated action concerns the right of appellants (school districts) to receive insurance coverage from their property insurers for asbestos-related property damage. The circuit court granted summary judgment and dismissal of the school districts' claims, holding the claims were time barred by the insurance policies' notice and suit limitation terms. We affirm.

From at least 1962 through 1991, the school districts owned and operated public school buildings and facilities containing asbestos materials. Most of the school districts have begun removal and abatement of the asbestos-containing materials, estimated to cost over $70 million. The property insurers of the school districts issued "all-risks" policies covering expenses incurred in the removal of asbestos-related debris. The policies contained notice and suit limitation terms which required the school districts to serve timely notice of a claim and to file suit challenging denial of benefits within one or two years, depending on the policy at issue. It is undisputed that the school districts failed to make timely notices and filings under the terms of the policies. As a result, the insurers denied their claims.

The school districts, and in some cases the insurers, filed complaints in the circuit court of Cook County for declaratory judgment of coverage or noncoverage. The insurers filed motions to dismiss the complaints (735 ILCS 5/2—619 (West 1992)) and for summary judgment (735 ILCS 5/2—1005 (West 1992)), citing the school districts' failure to comply with notice and suit limitation provisions of the policies. The school districts argued that as public entities allegedly enforcing public rights the terms were inapplicable to them under the doctrine of *nullum tempus occurrit regi* (*nullum tempus*). The circuit court granted the insurers' motions, holding *nullum tempus* did not apply to contractual terms contained in insurance policies.

Alternatively, in opposition to some insurers' motions, the school districts argued that certain policies did not contain suit limitations. The school districts contended that forms used in such policies expressly canceled and replaced the limitation terms contained elsewhere in the policies. The circuit court disagreed, finding in favor of the insurers.

■ The school districts first argue that they were excused from compliance with notice and suit limitations contained in the insurance contracts under the doctrine of *nullum tempus*. The doctrine, which is translated as "time does not run against the King," developed at common law to protect the king from the running of time as to the bringing of actions. (*People v. Asbestospray Corp.* (1993),

247 Ill. App. 3d 258, 260, 616 N.E.2d 652.) Despite the abolition of sovereign immunity, the Illinois Supreme Court has held that the doctrine remains viable. (*City of Shelbyville v. Shelbyville Restorium, Inc.* (1983), 96 Ill. 2d 457, 460-61, 451 N.E.2d 874.) Its survival is supported by the policy of protecting the public from injury and loss due to the negligence of public officers in failing to timely bring actions which belong to the public. *Asbestospray Corp.*, 247 Ill. App. 3d at 260; *City of Shelbyville*, 96 Ill. 2d at 460-61.

The vitality of *nullum tempus* was reaffirmed recently in *Board of Education v. A, C & S, Inc.* (1989), 131 Ill. 2d 428, 546 N.E.2d 580, where 34 school districts, including the appellants herein, sued defendants, who were involved in the manufacturing and distribution of asbestos-containing materials in their public buildings. Defendants argued that the doctrine of *nullum tempus* did not apply to the school districts; thus, the suits were barred by the statute of limitations. The Illinois Supreme Court rejected defendants' argument, holding that the statute of limitations which applies to tort actions is inapplicable to the school districts. The court reasoned that the school districts' interests were sufficiently "public" to warrant immunity for the negligence of officers and agents who failed to timely assert causes of action which belong to the public. *A, C & S, Inc.*, 131 Ill. 2d at 472.

The school districts in the case *sub judice* urge the court to extend the doctrine of *nullum tempus* to limitation terms contained in insurance policies. The school districts argue that if the court enforces notice and suit limitation terms as provided by the contracts, the public would be harmed by the forfeiture of substantial insurance coverage. They contend there is no clear, principled distinction between statutes of limitations and limitation terms in insurance contracts for purposes of this doctrine.

■ There is a distinction, however, in that statutes of limitations are creations of the legislature, whereas limitation periods contained in insurance policies are contractual in nature and privately imposed by the parties. A contract is a contract and a governmental entity must abide by its contractual obligations the same as an individual. (*Wall v. Chicago Park District* (1941), 378 Ill. 81, 93, 37 N.E.2d 752.) Absent an unusual and exceptional reason, a governmental entity may not avoid its contractual obligations, including those with insurance companies. *Bond County Community School District No. 2 v. Indiana Insurance Co.* (1995), 269 Ill. App. 3d 488, 492, 647 N.E.2d 293 (hereinafter *Bond County*).

*Bond County* is a recent, significant Illinois case to consider the applicability of *nullum tempus* to contractual terms contained in in-

surance policies. In *Bond County*, the Fifth District Appellate Court affirmed the dismissal of plaintiff's complaint, finding there was no justification for applying *nullum tempus* to contractual obligations of a school district in order to relieve it of notice and suit limitations under an insurance policy. The court held that historically the doctrine of *nullum tempus* has only been used to avoid statutes of limitations; it has never been applied to contractual limitation provisions. *Bond County*, 269 Ill. App. 3d at 495; see also *Pikeland Community Unit School District No. 124 v. Indiana Insurance Co.* (1995), 269 Ill. App. 3d 976, 977, 647 N.E.2d 301 (Fourth District Appellate Court expressly adopted the analysis and conclusions of *Bond County* and affirmed dismissal of school district's complaint, holding the doctrine of *nullum tempus* did not apply to contractual limitations in insurance policies).

Even before the abolition of sovereign immunity, the Illinois Supreme Court recognized a distinction between statutory and contractual limitations in *Board of Supervisors v. City of Lincoln* (1876), 81 Ill. 156. The court held: "Our understanding of the law [of *nullum tempus*] is, that, as respects all public rights, or as respects property held for public use, upon trusts, municipal corporations are not within the operation of the Statute of Limitations, *but in regard to contracts or mere private rights*, the rule is different, and such corporations, like private citizens, may plead or have pleaded against them the Statute of Limitations." (Emphasis added.) *City of Lincoln*, 81 Ill. at 158.

■ Accordingly, we conclude that application of the doctrine of *nullum tempus* to avoid notice and suit limitations in insurance policies would be an extension of the supreme court's decision in *A, C & S, Inc.* and in direct opposition to the holding in *City of Lincoln*. We further believe that to apply the doctrine would create an anomaly in the law that "a contract is a contract" and governmental entities are bound by contractual obligations the same as individuals. (*Wall*, 378 Ill. at 93; *Bond County*, 269 Ill. App. 3d at 498.) Should the legislature or the Illinois Supreme Court see fit, it may very well create an exception to general contract principles and apply *nullum tempus* to insurance policy limitations. However, it is not the responsibility of the appellate court to belie Illinois precedent by applying the doctrine to private contracts. *Bond County*, 269 Ill. App. 3d at 497-98.

In an attempt to evade the principle that "a contract is a contract," the school districts contend notice and suit limitations are not contractual, but are essentially statutes of limitations imposed by the Illinois Director of Insurance. The same argument was rejected in *Bond County*, 269 Ill. App. 3d at 495:

"[W]e cannot ignore the fact that the Illinois Department of Insurance Regulations provides:

'Such other contracts or endorsements attached to or printed thereon *may contain provisions and stipulations inconsistent with the Standard Policy* to the extent they are applicable only to such other perils.' (Emphasis added.) (50 Ill. Adm. Code § 2301.60 (1986).)

Thus, the school district, as a contracting party, could have insisted on or negotiated longer suit-limitation and notice-of-loss provisions than the provisions contained in the standard policy mandated by the Director of Insurance. The fact that the school district agreed, as opposed to being forced by the Director of Insurance, to include all risks under the suit-limitation and notice-of-loss provisions is even more of a reason to construe these provisions as being contractual as opposed to being statutory." (*Bond County*, 269 Ill. App. 3d at 495.)

In order to reach the above-stated conclusion, the court relied on *Village of Lake in the Hills v. Illinois Emcasco Insurance Co.* (1987), 153 Ill. App. 3d 815, 819, 506 N.E.2d 681, and *Affiliated FM Insurance Co. v. Board of Education* (7th Cir. 1994), 23 F.3d 1261, which also held suit limitation provisions to be contractual rather than statutory. In both cases, the courts found in favor of the insurers, holding the doctrine of *nullum tempus* did not grant immunity to governmental entities against suit limitation terms in insurance contracts. After reviewing the above cases, we agree that notice and suit limitations in insurance policies are contractual as opposed to statutory, to which the doctrine of *nullum tempus* is inapplicable.

The school districts argue in the alternative that certain insurance policies do not contain any suit limitations. They base their argument on the "all-risks" coverage located in Forms MLB 105 and CF 00 13, incorporated into each policy. Form MLB 105 reads as follows:

"With respect to SECTION I—PROPERTY COVERAGE, this form cancels and replaces any coverage on buildings or personal property provided under any other form made a part of this policy, but only with respect to such property to which this form is shown to be applicable."

Form CF 00 13 states:

"This form cancels and replaces any coverage on buildings provided under any other form made a part of this policy, but only with respect to such buildings to which this form is shown to be applicable."

The school districts contend these forms do not contain limitation terms and that they expressly cancel and replace all other coverage

in the policies, including the limitation terms which are part of the fire and lightning coverage. Again, the court in *Bond County* faced this precise issue. The court held that the policy form upon which the school district relied did not cancel the suit limitation provision. "The endorsement \*\*\* merely states that it replaces any other specific property coverage. Contrary to plaintiff's assertion, the endorsement does not state that it replaces all other provisions in the policy." *Bond County*, 269 Ill. App. 3d at 499.

The court also addressed a similar ambiguity argument raised by the school districts in the instant case. The court found, in reading the insurance policy as a whole, the provisions at issue were clear and unambiguous and should be construed in a reasonable manner.

> "It would be absurd to find that the \*\*\* policy provided coverage to the school districts for all risks but that it contained absolutely no suit-limitation provision, even though such a provision is required to the extent that the policy covers fire and lightning insurance. \*\*\* Additionally, if we were to accept plaintiff's argument, we would also have to find that the endorsement cancels and replaces all other general provisions of the policy, including provisions voiding the policy for fraud and allowing the insured to cancel the policy at any time. We will not construe the policy to require such absurd results." (*Bond County*, 269 Ill. App. 3d at 499.)

After careful analysis, we accept the reasoning of *Bond County* and find that the policies in question do contain suit limitation terms. Therefore, the decision of the circuit court to grant summary judgment and dismissal of the action in favor of the insurers is affirmed.

Affirmed.

McNAMARA, P.J., and EGAN, J., concur.